## JAMES HACKNEY v. THOMAS L. ADAM.

### (127 N. W. 519.)

**Arbitration and Award — Failure to Take Oath of Arbitrators — Waiver.**

1. The parties to this litigation by a valid agreement duly submitted their

differences to arbitration, and an award was made and filed in plaintiff's favor. That such award is meritorious is not questioned, but the arbitrators, deeming such award void for their failure to take an oath as required by statute and to cause the witnesses to be sworn, thereafter proceeded on notice to make a second award, which was made, filed, and affirmed, and judgment entered pursuant to an order of the district court. From such judgment and from an order denying defendant's motion to vacate the second award, defendant appeals.

*Held:* (1) That there is no competent proof showing a noncompliance with the statute requiring an oath to be taken by the arbitrators and requiring the witnesses to be sworn; and (2) conceding such noncompliance with the statute such irregularities were waived by the parties. Although both were present, neither party objected in any manner to the failure of the arbitrators to take the oath or cause the witnesses to be sworn. Where parties have appeared before the arbitrators and submitted their case without calling attention to their failure to take the oath or cause the witnesses to be sworn, and have waived until an award has been made and filed, they will be deemed to have waived such irregularities.

**Arbitration and Award — Exhaustion of Arbitrators' Authority.**

2. By making and filing the first award the powers of the board of arbitrators were exhausted, and the arbitrators became *functus officio.* Hence, the second award is a nullity, but in view of the fact that such award is identical in amount with the first, with the exception of costs, the order and judgment complained of are not prejudicial to appellant except to the extent of the excess of costs over those found in the first award. The judgment is modified to the extent of such excess of costs, and as thus modified is affirmed.

**Arbitration and Award — Action on Award — Harmless Error.**

3. While the first award has never been affirmed, and the time has elapsed for making application for an order affirming the same, an action will lie in respondent's favor on such award under § 7710, Rev. Codes 1905. Hence, appellant would gain nothing by a reversal of the judgment, and such reversal would, no doubt, merely result in further litigation ending in a judgment in respondent's favor.

**Arbitration and Award — Affirmance of Award — Right to Vacation.**

4. It was not error, for reasons stated in the opinion, to deny appellant's motion submitted April 20, 1908, to vacate the order affirming the second award, even conceding the invalidity of the first award.

**Arbitration and Award — Review — Judgment on Award of Arbitrators.**

5. The statute governing appeals in cases triable to the court without a jury has no application to the case at bar. We can review on this appeal only the alleged errors of law appearing in the record, duly excepted to.

Opinion filed June 15, 1910.

Appeal from District Court, Eddy county; *Edward T. Burke,* J.

Action by James Hackney against Thomas L. Adam. From a judgment for plaintiff, and an order denying defendant's motion to vacate an award, defendant appeals.

Modified and affirmed.

*James A. Manly* and *John Knauf,* for appellant.

Making and filing an award ends the powers of arbitrators. 2 Am. & Eng. Enc. Law, p. 698; Doke v. James, 4 N. Y. 568; Fallon v. Kelehar, 16 Hun, 266; Calvert v. Carter, 18 Md. 73; Flannery v. Sahagian, 134 N. Y. 85, 31 N. E. 319.

*Maddux & Rinker,* for respondent.

Failure of witnesses and arbitrators to take oath, not objected to, will not invalidate award. Greer v. Canfield, 38 Neb. 169, 56 N. W. 884; Burnside v. Whitney, 21 N. Y. 148; Browning v. Wheeler, 24 Wend. 258, 35 Am. Dec. 617; Howard v. Sexton, 4 N. Y. 157; Caldwell v. Brooks Elevator Co. 10 N. D. 575, 88 N. W. 700.

Fisk, J. This is an appeal from a judgment entered on an award of arbitrators, and also from an order thereafter made denying defendant's application to vacate such award and the order for judgment thereon. The agreement to arbitrate is in the usual form, and no question is raised regarding its validity. Pursuant to the agreement the two arbitrators selected by the parties appointed a third arbitrator. Thereafter, and on November 27, 1907, the board of arbitrators, by the consent of both parties, who waived notice of the meeting, met, heard testimony, and made its award in writing in favor of respondent and against appellant for the sum of $834.90 and the sum of $15 costs, which award was duly signed and acknowledged by each member of such board and filed. Thereafter these arbitrators, deeming such award irregular and void for the reason that they had not taken and subscribed an oath as required by § 7695, Rev. Codes 1905, issued a notice signed by them designating January 2, 1908, at 1 o'clock P. M. as the date, and the office of Maddux & Rinker, New Rockford, as the place for another hearing, which notice they caused to be duly served on the parties. At the appointed time and place such board met, the respondent appearing in person, but no appearance being made by appellant. Thereafter and on said date such arbitrators made their written award corresponding in amount with the

previous award with the exception of the costs, which they assessed at
$99.60. On said day, the exact hour and whether before or after the
award had been made being in dispute, appellant caused to be served
upon the arbitrators a written notice signed by him objecting (in the
language of the notice) "to any further hearing in the said matter
upon the ground that said arbitrators have already made and filed in
the office of the clerk of said court a pretended award in said matter,
and that upon the making of said award as aforesaid the authority
of said arbitrators in said matter was terminated. And that the said
defendant hereby expressly revokes the authority of said arbitrators
to proceed further in the said matter." The record discloses that the
next step taken was on February 17, 1908, at which time respondent's
attorneys served upon appellant and his attorneys a notice that on
February 26th at 9 o'clock A. M. they would move the district court at
chambers in Valley City for an order affirming such latter award. By
stipulation of counsel the hearing on such application was postponed
to March 26, 1908, at which time the district court made its order
affirming the award and ordering judgment in respondent's favor, and
against appellant for the sum of $834.90, debt and damages, and
$54.60 costs. Such order recites that the cause came on for hearing
on plaintiff's motion to affirm the award and defendant's motion to
vacate the award and that plaintiff appeared by his attorneys Maddux
& Rinker, and defendant by his attorneys James A. Manly and S. E.
Ellsworth, and that after hearing counsel for each of said parties said
cause was submitted, etc. Notwithstanding the appearance by defend-
ant's attorneys at such hearing and their motion to vacate said award,
the record discloses that another motion was made by defendant to va-
cate the award, dated March 28th and returnable April 7th. At an-
other place in the printed abstract we find an order made by the dis-
trict court denying such motion and refusing to vacate the order af-
firming the award, but it bears no date. The latter motion was not sub-
mitted to the court, however, until April 20th and consequently the
order must have been made on or after such date. Judgment was
entered on such award on April 16, 1908. At the hearing of defend-
ant's last motion numerous affidavits were submitted by both parties,
relating principally to the question whether defendant's notice, as-
suming to revoke the authority of the arbitrators, was served prior or

subsequent to the time when the last award was made. Upon this point there is a square conflict in the proof submitted, and we deem it unnecessary to set out at length in this opinion the affidavits thus submitted.

In the preparation of their brief appellant's counsel proceeded upon the theory that the case is in this court for trial *de novo*. In this they are in error. The statute governing appeals in cases triable to the court without a jury has no application to the case at bar, and we can only review on this appeal the alleged errors of law appearing in the record, duly excepted to. A statement of the case was duly settled embracing a specification of errors, which specification is incorporated in appellant's brief, and will be treated as assignments of error. Such specifications of error number seven, but as they all relate to the correctness of the rulings affirming the award, denying defendant's motion to vacate such award and in ordering and entering judgment thereon we shall dispose of them together.

It is nowhere contended by appellant that the award is not a just and meritorious settlement and disposition of the disputed questions submitted to the board. But his contentions, briefly stated, are: (1) That the powers of the board ceased November 27, 1907; or (2) such powers were legally revoked by him prior to the making of the award on January 2, 1908, and that as a necessary conclusion the court erred in refusing appellant's motion to vacate such award and the order affirming the same.

Were we to concede the correctness of both contentions we would not be prepared to agree to the conclusion of appellant's counsel. But, first, let us see whether the powers of the board were revoked as contended. If revoked, such revocation must have been effected prior to the final submission of the cause to the arbitrators for their decision. By § 7711 of the Code it is provided that "neither party shall have power to revoke the powers of the arbitrators after the cause shall have been finally submitted to them upon a hearing of the parties for their decision." In the light of this statutory provision the question as to whether appellant revoked the board's powers is manifestly a question of fact depending upon the proof submitted with reference to the time when the notice of such attempted revocation was served,— whether prior or subsequent to the time the cause was finally submitted

for decision. Upon this question of fact, as before stated, there is a square conflict in the proof, and this being true this court will not disturb the finding of the trial court which necessarily must have been adverse to appellant. As above stated, the cause is not before us for trial *de novo*. We are permitted merely to review the rulings of the trial court for the purpose of determining whether they or any of them constitute prejudicial error as a matter of law, and it is elementary that a finding which has substantial support in the proof cannot be urged as an error of law. We are therefore impelled to the conclusion that no revocation of the powers of the arbitrators was legally made.

A consideration of appellant's other contention, namely, that the powers of the board ceased on November 27, 1907, at the time of making and filing the first award, leads us to the belief that the same is correct, but we reach this conclusion for reasons widely different from those advanced by appellant's counsel. We think the first award was valid,—not void, as counsel assume. There is nothing in the record to warrant the conclusion that such award was a nullity. While the arbitrators, some time after such award was made, signed and caused to be served on the parties a notice of another hearing containing a recital of the mere conclusion that they deem such award irregular and void, we are unable to find any justification therefor in the record. While two of the arbitrators in their affidavit, which was used by appellant on his motion to vacate the order affirming the second award, give as their reasons for thus deeming the prior award void, "that the arbitrators were not sworn before making the first award filed herein on the 27th day of November, 1907, nor were any witnesses sworn in any hearing before making such award," such proof was incompetent and cannot be considered. Appellant nowhere challenges either the validity or the justice of such first award. It nowhere appears that either party, although both were present, objected in any manner to the failure of the arbitrators to take the oath or cause the witnesses to be sworn, even if such irregularities occurred; but, moreover, there is no competent proof before us that any such irregularities in fact occurred. It is well settled that arbitrators will not be permitted to impeach their award. The settlement of disputes by arbitrators is favored by the courts. Furthermore, a failure to object to such irregularities, conceding they occurred, operated as a

waiver thereof. We take it to be well settled that where the parties have appeared before the arbitrators and submitted their case without calling attention to the failure of the arbitrators to take the oath or to cause the witnesses to be sworn, and have waited until an award has been made and filed, they will be deemed to have waived such irregularities. Upon the plainest principles of law and justice this should be the rule.

We must therefore dispose of this appeal on the assumption that the first award was valid. Such assumption necessitates the conclusion that the second award was made without authority. The powers of the board were exhausted upon the making and filing of the first award. As soon as they made and filed such award the arbitrators became *functus officio.*

It does not follow from this, however, that the judgment and order must necessarily be reversed. With the exception of the costs the two awards are identical in amount. This being true, we fail to see how appellant was in any way prejudiced except to the extent of the excess of costs in the second award over those found in the first. If the judgment is modified in respect to such costs so as to conform to the award first made we fail to see how appellant is in a position to complain. The judgment will be thus modified. Appellant is not in a position to ask for any greater relief. In making his motion in the court below he was in the attitude of appealing to the favor of the court. He was duly notified of respondent's application for an order affirming the award. He resisted such application, but saved no exception to the adverse ruling thereon. Whether an exception to such ruling was necessary we need not here determine. Appellant predicates error upon the ruling denying his motion, submitted on April 20, 1908, to vacate said award and the order for judgment. It was not error to deny such motion for two reasons: (1) The subject-matter of such motion had been previously passed upon and determined by the district court; and (2) appellant did not bring himself within any of the statutory grounds enumerated in § 7699, Rev. Codes 1905, for the vacation of an award. That section is as follows: "Any party to such submission may move the court designated therein to vacate the same upon either of the following grounds: (1) That such award was procured by corruption, fraud or other undue means; (2) that there

was evident partiality or corruption in the arbitrators, or either of them; (3) that the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or refusing to hear any evidence pertinent and material to the controversy, or for any other misbehavior of such arbitrators by which the rights of any party shall have been prejudiced; (4) that the arbitrators exceeded their powers, or that they so imperfectly executed them, that a mutual, final and definite award on the subject-matter submitted was not made."

The order affirming the award and the judgment entered thereon cannot be said to be void or prejudicially erroneous except to the extent that the second award allowed costs in excess of those determined in the first award. Nothing would be gained by a reversal of such judgment. On the contrary, further litigation would, no doubt, result therefrom. While the first award, so far as the record discloses, has never been affirmed, and the time for making application for an order affirming the same has elapsed, it is, we think, clear that an action would lie at the suit of respondent on such award and judgment could no doubt be obtained thereon. Section 7710, Rev. Codes 1905, expressly so provides. It reads: "Nothing in this chapter shall be construed to impair or affect any action upon an award or upon any bond or other engagement to abide by an award." In view of this nothing could be gained by appellant, even if we should grant him the relief prayed for.

It is accordingly ordered that the District Court modify its judgment herein in conformity with this opinion, and, as thus modified, the same will be affirmed, but without costs to either party in this court. All concur, except ELLSWORTH, J., who is disqualified.