No. 18,783.

J. T. HOPPER, *Appellee*, v. H. T. FROMM, *Appellant*.

SYLLABUS BY THE COURT.

ARBITRATION—*Agreement—Award Made by Two Arbitrators Only—Valid.* A written award made by two out of three arbitrators, there being no agreement that a unanimous decision shall be necessary, is binding, by virtue of the statute providing that persons may submit a controversy to arbitration, and that the award shall be made in writing by the arbitrators or a majority of them, notwithstanding these provisions of the statute were not complied with: that requiring any bonds given to state the time and place of the meeting of the arbitrators; that requiring the arbitrators and witnesses to be sworn; that requiring a copy of the award to be delivered without delay to each party; that requiring the fees taxed to be stated in the award.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed April 11, 1914. Affirmed.

*Alfred M. Jackson,* and *Albert L. Noble,* both of Winfield, for the appellant.

*Charles W. Roberts,* of Winfield, for the appellee.

The opinion of the court was delivered by

MASON, J.: The question presented is whether the trial court erred in holding that the allegations of a pleading were sufficient to show that an arbitration had resulted in an award binding upon the parties. It was alleged that two of the three arbitrators had signed a writing purporting to be such an award. The appellant contends that the absence of the signature of the third arbitrator is fatal to its validity. The accepted rule is that an agreement to submit a controversy to the decision of a number of arbitrators, in the absence of a provision to the contrary, implies that such decision, to be effective, must be unanimous. (*Fish v. Vermillion,* 70 Kan. 348, 78 Pac. 811; 5 Enc. L. & P. 147; Note, 15 Ann. Cas. 507.) The statute provides that persons may submit a controversy to arbitration (Gen. Stat. 1909, § 359), and that the award of the arbitrators, or a majority of them, shall be in writing, and signed by them or a majority of them (§ 365). The specific question to be decided is whether the pleading shows that the statute applies. This involves a determination of what is necessary to constitute a "statutory" arbitration. We reach the conclusion that nothing is essential to that purpose except an agreement to arbitrate, followed by an award in writing, signed by the arbitrators or a majority of them. The statute provides that the parties "may" make the submission a rule of court (§ 359), but this is not necessary, for the law says that the parties may enter into bonds, which shall recite that the submission is to be made a rule of court, "when such is the agreement" (§ 360). The statute also says that the bonds shall specify the time and place of hearing and the time of deciding the matter. In the present case bonds were given which omitted such speci-

fication. The giving of bonds is not made obligatory, and the fact that the bonds actually given contained no reference to time and place does not take the agreement out of the operation of the statute. The statute provides that the arbitrators and witnesses shall be sworn, and that copies of the award shall be delivered to the parties. Compliance with these provisions is not alleged, but if they were not observed the result was a mere irregularity, not fatal to jurisdiction (*Weir v. West,* 27 Kan. 650), and not sufficient to prevent the operation of the statute. Provision is made for the taxing of fees by the arbitrators, to be inserted in the award. (Gen. Stat. 1909, § 371.) Here the award does not mention fees, but an omission in that regard is not more vital than in the matters already mentioned.

The judgment is affirmed.