# STATE EX REL. GEORGE W. BURROWS v. P. E. TRUAX AND OTHERS.

## SAME v. SAME.[1]

### February 8, 1918.

### Nos. 20,693, 20,722.

**Drain — hearing before county board — witnesses need not be sworn.**

1. The board of county commissioners may, in county ditch proceedings, hear parties and witnesses who appear before them without administering an oath.

**Same — statute not mandatory.**

2. The statute which authorizes them to hear and consider the testimony of parties, viewers and engineers, and other admissible testimony, is not a mandate to the board to hear no person except under oath.

Upon the relation of George W. Burrows, the district court for Wilkin county granted its alternative writ of mandamus commanding P. E. Truax, as county auditor, and the county commissioners of that county to make and cause to be made in the minute book of the commissioners a true record that at a meeting held on June 20 and 21, 1917, relator and others requested the board that witnesses be sworn and that the request was refused. The separate demurrers of the county auditor and county commissioners were overruled, Flaherty, J., and respondents answered. Relator demurred to the answers, his demurrers were sustained and his motion for a peremptory writ was granted. From the judgment entered pursuant to the order for a peremptory writ, the county auditor appealed. Affirmed.

Upon the relation of George W. Burrows the supreme court granted its writ of certiorari directed to P. E. Truax, as county auditor, and the county commissioners of the county to review proceedings in the

[1] Reported in 166 N. W. 339.

district court for Wilkin county relating to the construction of County Ditch No. 31. Affirmed.

*E. H. Elwin* and *Lewis E. Jones,* for appellant.

*W. E. Purcell, Wolfe & Schneller, George D. Smith* and *Engerud, Divit, Holt & Frame,* for respondent.

HALLAM, J.

These proceedings, one in mandamus and one in certiorari, by same relator, arise out of a county drainage ditch case. The relator, appellant in the certiorari case and respondent in the mandamus case, was an objector. At the meeting of the board of county commissioners to consider the matter of the establishment of the ditch, relator and others appeartd by attorney and asked that all witnesses be sworn. The board declined and the witnesses were not sworn. After the conclusion of the hearing, the board made an order establishing the ditch. Relator then discovered that the county auditor had made no entry in his record of the request that the witnesses be sworn or of the fact that they were not sworn, and the mandamus proceeding was instituted to compel him to record such facts. The court, after hearing, granted a peremptory writ commanding the auditor to so amend his records. The auditor immediately appealed. Thereafter, relator procured a writ of certiorari to review the proceedings and the determination of the board. The court on the return day quashed the writ and in that case relator appealed.

Counsel on both sides have spent much time in argument of questions of practice, all pertaining generally to the question whether relator succeeded or was entitled to succeed in getting the merits of the case before the court. We shall devote no time to these questions. We have little difficulty in holding that the parties to this litigation were entitled to a determination of their lawsuits on the merits rather than upon refined questions of practice.

1. There is but one question that goes to the merits of the case. Relator seeks to have the order establishing the ditch vacated, on the ground that the county board refused to swear the witnesses produced before it. If this was fatal to the validity of the order establishing the

ditch, relator should have relief. If it was not, then relator must fail. We think it was not fatal.

The functions of the county board in a ditch proceeding are primarily legislative and only quasi judicial. The county board is not a court. Its proceedings are not proceedings in court. They are necessarily informal. The members are usually not lawyers. They are not governed by legal rules of evidence. The witnesses are usually for the most part officials, such as engineers and viewers, or parties to the proceeding. Parties appear usually without attorneys. Their contribution to the proceeding will, in practice, be found to be partly argument and partly statement of fact. Unless there is some requirement in the statute to that effect, we think county boards are not required to put under oath those who appear before them. This is the rule as to proceedings before arbitrators. City of O'Neill v. Clark, 57 Neb. 760, 78 N. W. 256; Hopper v. Fromm, 92 Kan. 142, 547, 141 Pac. 175, Ann. Cas. 1916B, 807; Hackney v. Adam, 20 N. D. 130, 127 N. W. 519; Rounds and Hagler v. Aiken Mnfg. Co. 58 S. C. 299, 36 S. E. 714; Hurst v. Funston (Tex. Civ. App.) 91 S. W. 319. There seems more reason for applying it to ditch proceedings.

2. It is claimed the statute does not require that the oath be administered. The statute provides that the board shall "hear and consider the testimony adduced of all parties interested, and the testimony of the viewers and engineers if offered, and other admissible testimony." G. S. 1913, § 5531. It is contended that the use of the word "testimony" of necessity implies that those giving it shall be sworn. We do not regard this as a mandate to the board to hear no person except under oath. Edelstein v. U. S. 149 Fed. 636, 79 C. C. A. 328, 9 L. R.A. (N.S.) 236, was a different sort of case.

In this view of the case, the trial court might well have denied the peremptory writ of mandamus, but we are not disposed to reverse for that reason. This court will not reverse a judgment of the trial court although it is technically wrong, if no substantial benefit is to be accomplished by a reversal. The case is akin to a case where only nominal damages are at stake and no important principle is involved. There is no reversal in such cases. Erickson v. Minnesota & O. P. Co. 134 Minn. 209, 158 N. W. 979.

The judgments in both proceedings are affirmed.