## STATE EX REL. EDWIN C. GRUBBS v. C. G. SCHULZ, STATE SUPERINTENDENT OF EDUCATION.[1]

March 14, 1919.

No. 21,186.

**Certiorari — writ from supreme court.**

1. This court will entertain original jurisdiction in certiorari only in cases where general public interest requires immediate determination.

**Revocation of teacher's certificate by state superintendent of education.**

2. Under a statute of this state the county superintendent of schools of a county may, after hearing and for cause shown, suspend a teacher's authority to teach in his county. An appeal lies to the state superintendent of education. On appeal, the state superintendent hears the case de novo and may suspend or revoke the teacher's certificate. The method of revocation prescribed by this statute is exclusive. The state superintendent has no implied power to revoke a certificate in any other manner.

**Same — estoppel against parties who take part.**

3. Where the state superintendent entertains original jurisdiction in such a case, and the parties appear and participate in the proceeding without objection until after a decision is made, they will not be heard to say that the proceedings were irregularly brought before the state superintendent. The defect in jurisdiction is not want of jurisdiction over the subject matter. The trouble was irregularity of procedure.

**Same — unsworn witnesses — estoppel against relator.**

4. The witnesses were not sworn. Relator did not ask that they be sworn. He cannot now complain.

Upon the relation of Edwin C. Grubbs the supreme court granted its writ of certiorari directed to C. G. Schulz, state superintendent of edu-

[1]Reported in 171 N. W. 263.

cation of the state of Minnesota, to review and vacate respondent's order of suspension and revocation of relator's certificate or license to teach school within the state. Writ quashed.

*A. G. McKnight, Warner E. Whipple* and *Frank E. Randall,* for relator.

*Clifford L. Hilton,* Attorney General, and *Montreville J. Brown,* Assistant Attorney General, for respondent.

HALLAM, J.

On June 1, 1917, respondent as state superintendent of education issued to relator a certificate to teach in the public schools of this state until August 1, 1919. Thereafter relator was engaged as a teacher and superintendent of the public schools of the village of Proctor. On September 5, 1918, the board of education of Proctor preferred charges in writing against relator and asked that the authority of relator to teach be revoked. On September 6 respondent notified relator that charges had been preferred against him, suspended him pending a hearing, and notified him that, if he failed to make answer, or if it should appear after a hearing that the charges are proven true, the suspension would be permanent and the certificate revoked. On September 9 relator answered and said: "I certainly ask for a hearing within the next week or ten days. I would ask that you specify the date and the hour such a hearing will be given me." A hearing was set for September 17, 1918. Relator was present and offered evidence in his own behalf. On September 26 respondent made his decision finding one of the charges true and revoked relator's certificate.

A writ of certiorari was issued out of this court October 18; a return and amended return have been made.

1. This court may undoubtedly entertain original jurisdiction by certiorari in such a case. G. S. 1913, § 121. It has, however, been the practice of the court to remit the parties to the proper district court except in cases where general public interest requires immediate determination. In ordinary cases the most satisfactory results will be obtained by an original hearing in the district court of the proper locality. We see nothing to take this out of the general rule. At the time this case came up for decision the time for issuance of a new writ

had expired. In view of that fact and without intending to establish a precedent, the case is disposed of on the merits.

2. The statute provides that: "Any county superintendent of schools may" for certain causes "upon his own authority or upon written complaint of any school board of his county, and after serving notice on the teacher of the grounds of complaint, and after an opportunity for the teacher to make defense, suspend such teacher's authority to teach in any public school in the county. The teacher whose certificate is thus suspended may appeal to the state superintendent. * * * The state superintendent shall either confirm, modify or reverse such suspension, and may order that the suspension shall apply against teaching in any public school in the state, or may revoke the certificate. * * * In case the county superintendent shall refuse * * * the board may appeal * * * and upon such appeal the state superintendent may annul the teacher's authority to teach, by a suspension or revocation of such teacher's certificate, after serving notice on the teacher * * * and after opportunity for the teacher to make defense." G. S. 1913, § 2855. In other words on appeal the state superintendent hears the matter de novo.

The claim of the relator is that the state superintendent can properly hear a controversy of this character only on appeal from the county superintendent. In this we agree with the relator. The statute gives only appellate jurisdiction to the state superintendent. The contention is made that the power to revoke a certificate is inherent in the power to grant it, and that therefore the state superintendent having the power to grant a certificate had implied power to revoke it regardless of this statute. There might be force to this contention, were it not for the fact that the manner of revocation is expressly provided by statute. Since a method of revocation is expressly prescribed by statute, we are of the opinion that that method must be held exclusive. Sykes v. City of Minneapolis, 124 Minn. 73, 77, 144 N. W. 453; State v. McColl, 127 Minn. 155, 158, 149 N. W. 11.

3. It follows that relator had the right to a first hearing before the county superintendent. Relator had the right to object to the taking original jurisdiction by the state superintendent. He has that right still unless he has lost it. We think he has lost it. He did not object

to an original hearing before the state superintendent. On the contrary, he asked for the hearing before him. He appeared at the hearing and tried the matter out there, not objecting but consenting until the decision was given against him. It is now too late for him to object.

Relator contends that this course of conduct could not give the state superintendent jurisdiction. The law is that jurisdiction over the subject matter cannot be conferred by stipulation or consent. The following principles are, however, equally well settled: Jurisdiction of the parties may be acquired by appearance and consent. Mere irregularity in the method of procedure may be waived by consent, and a party may be estopped to deny the existence of facts on which jurisdiction depends. 3 Corpus Juris, 371.

For example, it has been held that, where a justice of peace conducts a trial outside of his territorial jurisdiction, the parties, by acquiescing in and taking part in the proceedings, waive objection thereto. Holmes v. Igo, 110 Minn. 133, 124 N. W. 974. It has been held that where a case has reached an appellate court, without passing through an intermediate court as the law requires, Rhyne v. Lipscombe, 122 N. C. 650, 657, 29 S. E. 57, or has come irregularly through an intermediate court, Cadwell v. Cadwell, 93 Oh. St. 23, 112 N. E. 148; Lynn v. Lynn, 160 Ill. 307, 43 N. E. 482, and all parties acquiesce, the judgment on such appeal is valid.

In other words, consent cannot create a tribunal nor confer jurisdiction upon a tribunal which, under no circumstances, would have jurisdiction without that consent. But where there is an existing tribunal which, under one state of facts, would have jurisdiction, and under another would not, a party may so act that he will not thereafter be heard to deny that jurisdiction exists. Brown v. Snell, 57 N. Y. 286, 301.

The defect in jurisdiction in this case is not in any proper sense want of jurisdiction over the subject matter. A court does not act without jurisdiction over the subject matter, if by law it might exercise jurisdiction if the case is brought before it in a different manner. People v. May, 276 Ill. 332, 114 N. E. 685. The trouble here was irregularity of procedure. The state superintendent had jurisdiction to determine precisely the controversy he did determine after a hearing of the kind that he did accord to relator. That is he tried the case de novo. He

would have done so regularly had there been a hearing before the county superintendent and then an appeal.

This is not like a case where the function of the appellate tribunal is only to review alleged errors in a record made in a trial tribunal, nor is it like a case where appellate jurisdiction is invoked in a case where none is given by law, as in Jones v. City of Minneapolis, 20 Minn. 444 (491). The law does give to the state superintendent jurisdiction over this very controversy, if exercised in a regular way.

Our conclusion is that, having assented and participated in the irregular method of procedure until the decision went against him, relator cannot now object. It matters little whether we call it waiver or estoppel. The essentials of both are present.

4. It appears that the witnesses at the hearing were not sworn. We are of the opinion that this did not invalidate the proceeding. We have recently held that in a county ditch proceeding before a county board that it is not necessary that witnesses be sworn. State v. Truax, 139 Minn. 313, 166 N. W. 339. Whether any different rule applies in a case like this we need not determine. Relator did not ask that the witnesses be sworn. He himself offered unsworn statements as evidence. Both parties acquiescing in this procedure, neither can now be heard to urge that it was improper or irregular. Hopper v. Fromm, 92 Kan. 142, 547, 141 Pac. 175; Hackney v. Adam, 20 N. D. 130, 127 N. W. 519; Rounds v. Mnfg. Co. 58 S. C. 299, 315, 36 S. E. 714; Morse, Arbitration, p. 131.

The point is made that relator was denied the right to be represented by counsel at the hearing. No reference is made to the record and we find nothing in the record to indicate that this privilege was denied.

Writ quashed.