[1] Reported in 290 N.W. 577.
In the probate court a claim was filed against the estate of Mrs. Halweg. From its disallowance, claimant, referred to herein as plaintiff, appealed to the district court. There trial de novo gave plaintiff a verdict for $10,246.30. Defendants' motion for a new trial was granted for error and because the verdict was not justified by the evidence. A second trial resulted in a second verdict for the same amount. Again there was an alternative motion by defendants, and again an order granting a new trial for insufficiency of evidence. From this order plaintiff appeals. 2 Mason Minn. St. 1927, § 9498(4). There is also an appeal by defendants from that part of the order denying their motion for judgment.
At her death in February, 1937, Mrs. Halweg was 84 years old. Her immediate family consisted of a bachelor son, Frank, and two daughters, Florentine Schmitt and Eva Vavricka, wife of plaintiff. The first two named are the representatives of the estate and referred to herein as defendants.
In 1914 Mrs. Halweg sold her farm and moved to St. Cloud. The proceeds of the sale were deposited in banks or used to buy postal certificates.
In 1916 the daughter Eva married plaintiff. From 1916 to 1918 he was employed by the St. Cloud Iron Works, and from 1918 until 1931 by the Great Northern Railway in its St. Cloud shops. Since 1931 he has had little employment.
After renting other places for a few years, the Vavrickas, in 1921, moved into one of Mrs. Halweg's houses, paying $18 a month rent. Vavricka received pay checks on the 10th and 24th of each month. These, it is claimed, he dutifully and methodically delivered to his wife, who paid the rent and other household expenses. Their testimony is that all except an amount necessary for the bare essentials of living was turned over to Mrs. Halweg, in trust for safekeeping, so that they would "have money to fall back on." This express oral trust was supposed to have begun in 1917. *Page 265 
The evidence for plaintiff is that from then on, for 14 years, always and with no single exception, he endorsed his pay checks to his wife. She, accompanied by Mrs. Halweg, would go to a St. Cloud bank, cash the checks, deduct the amount needed for rent and household expenses, and place the remainder with her mother. The total sum thus is said to be $12,091.08. $1,844.78 was returned. The difference, $10,246.30, is the amount of the verdict. No interest is sought.
There are in evidence two alleged account books, one kept by plaintiff and the other by his wife. Their entries are of all plaintiff's pay checks during the years in question. The amount claimed to have been delivered to Mrs. Halweg in trust was fixed by Mrs. Vavricka by subtracting from the amount of each check a uniform sum, testified as having been retained for living expenses. From 1917 to 1921, only $8, exclusive of rent and carfare, was withheld; and from 1921 on, only $13, the increase necessitated by the school expenses of a child. The books do not show the amounts retained. They thus depend, in total and detail, on the testimony of Mrs. Vavricka. In all a total of $12,091 out of earnings of $18,000 or $19,000 is said to have gone into the trust fund. Thus, for 13 years, the Vavrickas (from 1921 on, three of them) lived and paid rent on about $48 a month.
During the whole time there was neither accounting nor request for one. In 1933, Mrs. Vavricka testified, she asked for the money and was told that it should be left in the bank. In 1935 a similar request got the answer that the money was tied up in the bank.
The $1,844.78 which was returned by Mrs. Halweg was deposited in a savings account in Eva Vavricka's name. Opened in 1917, it continued until May 1, 1935, when the last withdrawal was made. The testimony for plaintiff is that this account was unknown to him and his wife and under complete control of Mrs. Halweg. It is claimed that Mrs. Halweg made all the deposits. But there is evidence from which it could be concluded that Mrs. Vavricka herself made at least some of the deposits. The withdrawals, *Page 266 
made from time to time after 1917, were all on withdrawal slips signed by Mrs. Vavricka. The explanation for plaintiff is that Mrs. Halweg merely deposited part of the Vavricka's money in this account, while defendants contend that into it went all plaintiff's savings.
One more circumstance merits attention. In June of 1935 plaintiff had long been unemployed. He then made application to the Minnesota Emergency Relief Administration for assistance. On oath he represented that he had no money, bank account, or investments at all. Mrs. Vavricka joined in the application. This was all at a time when plaintiff, as he and his wife now insist, had over $10,000, for any or all of which he had but to ask. The application for relief was made just after the last withdrawal was made from the special savings account.
1. Defendants' appeal from so much of the order as denies them judgment non obstante is dismissed. Our rule is that a litigant moving for judgment or a new trial "cannot accept the part of the order annulling the trial" and "appeal from the part which denies its motion for judgment." St. Anthony Falls Bank v. Graham, 67 Minn. 318, 320, 69 N.W. 1077. See also Kommerstad v. G. N. Ry. Co. 125 Minn. 297, 146 N.W. 975; Snyder v. Minnetonka W. B. Navigation Co. 151 Minn. 36,185 N.W. 959.
2. At the opening of the second trial in the district court, and not before, defendants moved to dismiss for want of jurisdiction. The theory was that inasmuch as the claim was based upon a trust relationship, rather than contract, the probate court had no jurisdiction and therefore the district court had none. That question we pass because, assuming that the probate court was without jurisdiction on the ground stated, the parties acquiesced in the trial there and also in the litigation of all issues on the first trial in the district court, which has jurisdiction generally to determine the obligations of trust relationship and to enforce them. We hold that the district court had jurisdiction.
As to the district court, this is not a case of lack of capacity to exercise jurisdiction of subject matter. That jurisdiction is *Page 267 
present if the tribunal might exercise it if the case came before it in a different manner. Cf. State ex rel. Grubbs v. Schulz, 142 Minn. 112, 171 N.W. 263. In First Nat. Bank v. Strait, 65 Minn. 162, 67 N.W. 987, a case in tort, where the claim was presented to and litigated in the probate court and then, on appeal, tried de novo in the district court, the defendant having answered and gone to trial without objection to the jurisdiction, it was held too late to raise the question. That is the situation here. For these reasons, defendants' motion to dismiss for lack of jurisdiction, not made until after one trial in the district court, was properly denied.
3. The order granting the new trial for insufficiency of the evidence must be affirmed. It is impossible to say, upon the record, that the evidence is "manifestly and palpably in favor of the verdict." Hicks v. Stone, 13 Minn. 398, 401 (434); Ladwig v. Supreme Assembly, 125 Minn. 72, 145 N.W. 798. The mere amount said to have been intrusted is enough to cast doubt on plaintiff's case. That is not all. The payments to Mrs. Halweg are without the support of records, contemporaneous or subsequent. They were reckoned by an inflexible formula. That it was followed without variation for so many years defies reasonable belief. Utter lack of accounting, or even inquiry, does not bolster the case. There is also the asserted ignorance of plaintiff and his wife concerning the savings account, in the face of the withdrawal slips signed by Mrs. Vavricka. The admission of Vavricka in the application for relief could well have been considered by the trial judge as of great force. It is cogent, coming as it did soon after the last withdrawal from the savings account, in support of defendants' theory that the money in that account was all that was ever turned over to decedent. For all these reasons, the action of the trial judge is not to be disturbed.
Inasmuch as there is to be a new trial, it should be remembered that neither party is entitled to a jury as matter of right. The case is now one in equity to enforce a trust.
Order affirmed. *Page 268