# SELMA SIMON v. LAWRENCE LARSON AND ANOTHER.[1]

May 31, 1940.

Nos. 32,342, 32,434.

*A. M. Gunn* and *Roy E. J. Puelston,* for plaintiff-appellant.
*Hoke, Cobb & Janes,* for defendant-appellant.

GALLAGHER, CHIEF JUSTICE.

In an action for damages for malpractice, plaintiff had a verdict against defendant Lawrence Larson. The trial court directed a verdict for defendant Paul Larson. Thereafter Lawrence Larson moved in the alternative for judgment or a new trial. The court

[1]Reported in 292 N. W. 270.

denied the motion for judgment and granted the motion for a new trial, basing its order exclusively on the ground of error of law occurring at the trial, the error, as stated in the order, being "in the court permitting Dr. William M. Chowning, a witness for plaintiff, to give his opinions." Plaintiff appeals from the order granting the new trial, and defendant appeals from the order denying his motion for judgment.

1. Defendant's appeal may be briefly disposed of. When a motion is made in the alternative for judgment or a new trial and a new trial is granted, the moving party may not appeal from the order denying judgment notwithstanding. In re Estate of Halweg, 207 Minn. 263, 290 N. W. 577. It is equally well established that appellate jurisdiction may not be enlarged by consent of the litigants. 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 286.

2. Essential to an understanding of the legal issue now before us are these facts. Plaintiff, who was suffering from varicose veins, was given treatment for this ailment by defendant Lawrence Larson consisting of an operation whereby a vein was exposed at the patient's groin and a solution of sodium morrhuate injected by means of a cannula attached to a syringe. When the solution was being injected and thereafter plaintiff complained of pain. Following the operation complications appeared, and Selma's left leg is now paralyzed. Whether this condition was caused by the operation, and, if so, whether defendant was legally responsible for it were the fundamental questions in dispute at the trial.

An examination of the testimony of the witness Chowning convinces us that the order was properly made. Asked if the treatment given plaintiff conforms to that usually given by the ordinary and skillful practitioner in the community, Dr. Chowning answered in the negative. Upon further examination it was made to appear that this opinion was based principally on the theory that a hypodermic needle was used to inject a solution into the vein and that this was not the correct technique because "a hypodermic needle * * * can so readily go through a vein

and allow the contents of the syringe to be spilled in the surrounding tissues." He further testified that good practice dictates that this situation be avoided "by using what is known as a cannula instead of a needle. That is a little, minute, metal tube that is polished at the end. The end is a tube cut across but polished and smoothed so that it cannot, under ordinary circumstances, abrase the lining of the blood vessel." The undisputed facts show, and the trial court so instructed the jury, that a cannula and not a hypodermic needle was used by defendant in performing the operation here involved. Confronted with this situation upon cross-examination, the witness still insisted that the treatment was unskillfully rendered and that "it is perfectly possible if one is not careful to run that cannula through that tissue." Thus did the witness repudiate the statements he himself had made in support of his opinion, given in direct examination, that defendant performed the operation in an unskillful manner.

It was also made to appear that Dr. Chowning lacked sufficient knowledge of the proper method of treatment and of the method used by defendant to qualify as an expert. His license to practice was revoked about two years before the trial for having performed an abortion. He could recollect only one occasion on which he had performed an operation similar to the one with respect to which he was giving his opinion, and that was performed about six years before the trial. The doctor testified that on that occasion he used a normal saline solution. A recess was then taken after which the witness returned to testify that he had been mistaken; that a normal saline solution is only six per cent saline, while he used an 18 per cent saline solution. Asked to explain this change of testimony, he responded: "I have not practiced medicine for three years so you will have to give me a chance to forget some of these figures." The witness also testified that he did not know much about the solutions now being used for this treatment but that he had read that a mixture of sodium and cod liver oil called "sodium morrhuate" was employed. He admitted that he had no experience with this solution.

Plaintiff contends that inasmuch as the admission of expert testimony is largely discretionary and its admission here did not constitute an abuse of discretion the trial court was without power to consider the alleged error of law on the motion for a new trial. She relies on Fitger v. Guthrie, 89 Minn. 330, 94 N. W. 888, as authority for that position. It was there held that there was no error of law which justified the granting of a new trial and that there was evidence to sustain the verdict. Here the trial court on the motion for a new trial concluded, as indicated in its memorandum, and we think rightfully so, that it erred in permitting the witness Chowning to express an opinion based on inadequate foundation for the opinion.

The trial court writes in its memorandum:

"When one considers the fact that Dr. Chowning has been devoting his time to real estate since he quit practicing medicine in November, 1936, and has not had a license to practice medicine, nor has he practiced medicine since that time, and that he admits that he has not made a continuous study of medicine and does not know much about the situation of today, and when one considers the further fact that he was mistaken and had to correct his testimony in connection with the type of solution that was used, and that he first based his opinion as to lack of skill principally upon the fact that a hypodermic needle was used, and when one considers the further fact that his opinion is based entirely upon the testimony of plaintiff in the courtroom, the court is of the opinion that the foundation was not sufficient to permit him to express an opinion as to the lack of skill of the defendant physician in the performance of the operation."

On the record before us we are satisfied that there was no proper foundation for the opinion given at the trial by Dr. Chowning: to the effect that defendant did not exercise the proper skill in treating plaintiff. That being so, the doctor's testimony was incompetent, and he should not have been permitted to give an

opinion on the vital question. The court had the right, as it did, to correct the error by granting a new trial.

Affirmed.