ARCHIE'S STEAK HOUSE, INC. and
Chris Hansen Construction Company,
Cross-Appellees,

v.

JOE ROSENTHAL & SONS,
INC., Defendant,

and

A. Braunger Produce Company, Consolidated Foods Corporation, and Charles
Cunningham, Cross-Appellants.

No. 60231.

Supreme Court of Iowa.

Oct. 18, 1978.

Rehearing Denied Nov. 17, 1978.

Patrick C. McCormick, Sioux City, for cross-appellant Braunger.

Jacobs, Gaul, Nymann & Green, Sioux City, for cross-appellant Consolidated Foods.

Margolin, Goldblatt, Stienstra, Ryan & Gildemeister, Sioux City, for cross-appellant Cunningham.

George T. Qualley Law Offices, Sioux City, Moyer, Moyer & Egley, Madison, Neb., and Malcolm Young Law Offices, Omaha, Neb., for cross-appellees.

Crary, Huff, Yates & Clem by Daryl L. Hecht, Sioux City, for Joe Rosenthal & Sons, Inc.

Considered by UHLENHOPP, P. J., and McCORMICK, McGIVERIN, ALLBEE and LARSON, JJ.

UHLENHOPP, Justice.

Plaintiffs Archie's Steak House and Hansen Construction sued defendants Joe Rosenthal & Sons, Braunger Produce, Consolidated Foods, and Cunningham on theories of wrongful use of civil proceedings, abuse of process, and interference with prospective business advantage. The jury found for plaintiffs by general verdict in the sum of $60,000. Defendants moved for judgment notwithstanding verdict and, in the event of adverse ruling, for new trial. The trial court overruled the motion for judgment notwithstanding and sustained the motion for new trial.

Plaintiffs appealed and all defendants except Rosenthal cross appealed. (We will refer to the three defendants who cross appealed as defendants.) Subsequently defendants moved to dismiss plaintiffs' appeal for noncompliance with an appellate rule, but this court denied the motion. Still later defendants moved to dismiss plaintiffs' appeal for noncompliance with several other rules of this court including rules relating to the appendix. This court sustained that motion on August 24, 1977, and dismissed plaintiffs' appeal. Thereafter plaintiffs moved for reconsideration of the dismissal and tendered an amended appendix and a brief, but this court denied the motion to reconsider on October 11, 1977.

Defendants then proceeded with their cross appeal by designating parts of the record for their appendix as well as plaintiffs' amended appendix. With plaintiffs' consent, this court permitted defendants so to use plaintiffs' amended appendix. On February 6, 1978, plaintiffs moved again for reconsideration of this court's order dismissing their appeal (by motion designated motion for leave to cross appeal). This court ordered that motion to be passed upon with the appeal, and subject thereto permitted plaintiffs to assert their issues as appellants in their answering brief.

Defendants then filed their cross-appellants' brief, plaintiffs filed their answering brief, and defendants filed their reply brief.

■ I. *Plaintiffs' Appeal.* Upon re-examination of the record and our original dismissal of plaintiffs' appeal, we see no sufficient reason for changing our order of dismissal. We therefore let that order stand and deny plaintiffs' motion for leave to cross appeal. We thus give no consideration to plaintiffs' issues as appellants in their answering brief.

II. *Defendants' Cross Appeal.* Plaintiffs assert at the outset in their answering brief, in connection with defendants' cross appeal, that defendants have no judgment or appealable order from which to appeal. See rule 1, Rules of Appellate Procedure. Defendants never sought permission to appeal from an interlocutory order.

When plaintiffs' appeal was originally dismissed, the only part of the case which remained in this court was defendants' cross appeal from the trial court's order denying defendants' motion for judgment notwithstanding. Plaintiffs contend that order is not appealable because the court did not sustain the motion for judgment and enter judgment but rather granted a new trial. Hence no final judgment exists in the district court from which defendants could appeal.

■ Some jurisdictions regulate this subject by specific statute or court rule. See Anno. 57 A.L.R.2d 1198. In the absence of regulation the rule is that where a new trial is granted, a contemporaneous order overruling a motion for judgment notwithstanding is not appealable by the movant since a final judgment terminating the case in the trial court does not exist. *Wagner v. Burlington Industries, Inc.,* 423 F.2d 1319 (6 Cir.); *Balicki v. Central Greyhound Lines,*

*Inc.*, 150 F.2d 402 (3 Cir.); *Atlantic Coast Line R. R. v. Boone*, 85 So.2d 834 (Fla.); *Hartman v. Caddington*, 255 Md. 651, 258 A.2d 740; *Simon v. Larson*, 207 Minn. 605, 292 N.W. 270; *Luethans v. Lahey*, 237 S.W.2d 209 (Mo.App.); *Crooks v. Rust*, 125 Wash. 563, 216 P. 869. For our definition of a "final judgment," see *Wilson v. Corbin*, 241 Iowa 226, 40 N.W.2d 472. But if the opposing party appeals under a statute or rule from the order granting a new trial, then the movant may cross-appeal from the overruling of his motion for judgment notwithstanding—he endeavors to show that the trial court should have gone beyond the new-trial grant. *Bonnevier v. Dairy Coop. Ass'n*, 227 Or. 123, 361 P.2d 262. Illustrative cases of this kind are *Pappas v. Evans*, 242 Iowa 804, 48 N.W.2d 298, and *Thompson v. Miller*, 251 Iowa 324, 100 N.W.2d 410.

Iowa has no special regulation on appeals in the situation of the overruled motion for judgment notwithstanding. Appeals may be taken as of right from final judgments, failure to plead over under rule 86 of the rules of civil procedure, grants or denials of new trials, and orders setting aside dissolution decrees. Rule 1, Rules of Appellate Procedure. None of these situations exists here with respect to the present defendants—the grant of new trial provision does not apply to defendants because they were the winners. Naturally they do not complain about the grant of that motion.

When the trial court denied defendants' motion for judgment notwithstanding, within 30 days defendants could have applied for permission to take an interlocutory appeal. Rules 2, 5(a), R.App.P. They had no need to do so, however, because plaintiffs appealed from the new-trial grant, enabling defendants to cross appeal from the denial of their motion for judgment notwithstanding.

What then was the effect upon defendants' cross appeal of this court's dismissal of plaintiffs' appeal, on which defendants' cross appeal depended? We think the cross appeal also fell, for no order or judgment existed from which an appeal could be taken and no permission to take interlocutory appeal had been procured. We also think however that dismissal of plaintiffs' appeal revived defendants' 30-day right to seek permission to take an interlocutory appeal. Were we to hold that upon dismissal of plaintiffs' appeal defendants' cross appeal remained alive, we would in fact transform an interlocutory appeal from denial of a motion for judgment notwithstanding into an appeal as of right, whereas such an appeal can only be taken with permission. On the other hand, were we to hold that defendants had no 30-day right as originally to seek permission to take an interlocutory appeal, we would trap them; they had no need originally to seek permission to take an interlocutory appeal because plaintiffs appealed.

Plaintiffs raised this appellate jurisdictional problem as their first point in their brief, before argument or submission of the case in this court. The situation is somewhat analogous to one which arises in federal trial courts, where "dismissal, without the taking of evidence, of a federal claim on its merits has been held to defeat, or to justify a federal court's refusal to exercise, pendent jurisdiction over the nonfederal claim." Further, "If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." 32 Am.Jur.2d Federal Practice & Procedure § 45 at 452. See also Anno. 5 A.L.R.3d 1040, 1065, 1066–1067. The analogy is inexact, however, as federal pendent jurisdiction involves discretion, whereas we are dealing here with this court's "jurisdiction" in a true sense. Compare *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."), with *Johnson v. Iowa State Highway Comm'n*, 257 Iowa 810, 812, 134 N.W.2d 916, 917 ("We have consistently held we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than a final judgment or decision was obtained.").

**594**

We conclude that plaintiffs' appeal should remain dismissed. Since defendants at no time sought and obtained permission to take an appeal from the interlocutory order denying their motion for judgment notwithstanding, we conclude also that their cross appeal should be dismissed.

Each party is to pay its own costs in this court, costs to be paid by plaintiffs to include the cost of their appendix and amended appendix.

PLAINTIFFS' MOTION FOR LEAVE TO CROSS APPEAL DENIED.

DEFENDANTS' CROSS APPEAL DISMISSED.