Martha Hews, Appellant, v. B. E. Stonebreaker, Auditor, and T. W. McCrary, Treasurer of Calhoun County, Appellees.

**Appeal.** No appeal will lie from an opinion filed by a trial court nor from a ruling sustaining a demurrer where no exception was taken.

*Appeal from Calhoun District Court.*— Hon. Z. A. Church, Judge.

Saturday, December 15, 1906.

Suit in equity to enjoin the collection of a drainage tax, levied and assessed against plaintiff's land. The trial court sustained a demurrer to plaintiff's petition, and she appeals.— *Affirmed.*

*Gray & Gray,* for appellant.

*M. E. Hutchinson,* for appellees.

Deemer, J.— The appeal is from the opinion of the trial court in ruling on the demurrer and from the ruling on the demurrer and the judgment rendered on said ruling. It is fundamental that an appeal will not lie from an opinion filed by the trial court. This opinion is simply the reason given for a certain conclusion, and it usually contains directions to the clerk, but it is not in itself an appealable order or judgment. An order which sustains or overrules a demurrer is appealable. Code, section 4101, subd. 3. The record shows that the case was submitted to the court at its

September, 1905, term, and that, on the 11th day of October, 1905, the court filed a written opinion giving the reasons for its conclusions, and directing judgment. To this opinion, plaintiff at the time duly excepted. It further appears that plaintiff refused to plead further and appealed for a review " upon the opinion as found by the trial court."

This further recitation appears in the abstract   " There was no evidence introduced in said cause, and the only papers that were filed in said cause and considered by the trial court were the petition of plaintiff and the demurrer filed thereto by the defendant, which demurrer was sustained by the court after a hearing thereon."

The ruling sustaining the demurrer, which we must presume on this record was properly entered, does not appear to have been excepted to.   In the absence of an exception duly taken, no appeal will lie. *Exchange Bank v. Pottorfe,* 96 Iowa, 354, and cases cited. There is nothing for us to consider. We may say, however that, even if an exception had been duly presented, we should feel obliged to affirm the case upon the record presented. Plaintiff is in no position to attack the assessment, having had due notice of the proceedings, and failing to appear before the board of supervisors to protect her interests.

But for the reasons pointed out, the order sustaining the demurrer must be, and it is, *affirmed.*