C. W. Hubbard, Appellant, v. J. B. Marsh, doing business under
the name Marsh Veneer & Lumber Company, Appellee.

No. 47202.

(Reported in 32 N. W. 2d 67)

April 6, 1948.

O'Connor, Thomas & O'Connor, of Dubuque, for appellant.

Kenline, Roedell, Hoffman & Reynolds, of Dubuque, for appellee.

Hays, J.— ▉ This is a proceeding in equity whereby plaintiff asks for an accounting and judgment. Count I of the petition alleges an agreement, partly written, partly oral, and under this agreement claims a percentage of defendant's profits for the year 1947. Defendant in answer to Count I states that the written agreement is clear, unambiguous and complete in itself; that any evidence offered in connection therewith would violate the parol-evidence rule and that plaintiff is bound by the writing, as a matter of law. Other counts of the petition, not set forth in the record but conceded by counsel to exist and to involve an entirely separate matter, are not involved. The legal questions raised by the answer were submitted to the trial court prior to a trial of the case, and on July 28, 1947, an order was made to the effect that "oral evidence of the alleged oral agreement is not admissible in this case." Plaintiff has appealed from the "order, ruling and decision herein under date of July 28, 1947." The record does not disclose any order of this court or a justice thereof authorizing this appeal, and the question therefore is before us as to the jurisdiction of this court to entertain the appeal. While appellee has not filed a motion to dismiss or otherwise raised this issue, the question must be determined, as jurisdiction may not be had through consent, or, much less, by mere silence on the part of appellee, if as a fact no jurisdiction exists. Green v. Ronen, 59 Iowa 83, 12 N. W. 765; City Council of Marion v. National L. & Inv. Co., 122 Iowa 629, 98 N. W. 488; Smith v. Des Moines & Central Iowa R. R., 211 Iowa 223, 233 N. W. 57; Jensen v. Nolte, 231 Iowa 1103, 3 N. W. 2d 140; Whittier v. Whittier, 237 Iowa 655, 23 N. W. 2d 435.

▉▉ The right of appeal is not inherent nor constitutional and may be granted or withheld by the legislature. Van der

474

Burg v. Bailey, 207 Iowa 797, 223 N. W. 515; In re Lytle Inv. Co., 219 Iowa 1099, 260 N. W. 538. Rule 1(a), Rules of Civil Procedure, provides: "These rules shall govern the practice and procedure in all courts of the state * * *." That the rules have the force and effect of statute see State ex rel. McPherson v. Rakey, 236 Iowa 876, 20 N. W. 2d 43; Stolar v. Turner, 236 Iowa 628, 19 N. W. 2d 585; Phillips v. Catterson, 235 Iowa 715, 17 N. W. 2d 517.

██ ██ Rule 105, Rules of Civil Procedure, provides:

"The court may in its discretion, and must on application of either party * * * separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case. It shall enter an appropriate final order before trial of the remaining issues * * *. If such ruling does not dispose of the whole case, it shall be deemed interlocutory for purposes of appeal."

It was under this rule that the order appealed from was entered. It is conceded by counsel in oral argument that irrespective of the question here raised, further and other counts of the petition have not been disposed of. Thus under the plain wording of Rule 105, the question before us is an "interlocutory [order] for purposes of appeal." Rule 86, Rules of Civil Procedure, is not applicable, as the order appealed from does not even purport to "require or permit further pleading" which is the basis of that Rule.

Rule 331 provides:

"(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order."

Rule 332(a) states:

"Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. Such appeal may be granted, after notice and hearing."

No claim is made that such an application was ever made, in fact it is conceded that none was made.

It is the established rule in this state that unless an appeal is authorized, the supreme court is without jurisdiction to consider it and must dismiss the appeal. In re Estate of Swanson, 239 Iowa 294, 31 N. W. 2d 385; Eby v. Phipps, 225 Iowa 1328, 283 N. W. 423. We hold that the order appealed from is "interlocutory for purposes of appeal" and that an appeal in such cases is authorized only by complying with the provisions of Rule 332. Appellant in failing to so comply is attempting to appeal where no appeal is authorized, and this court has no jurisdiction to entertain the same.—Appeal dismissed.

OLIVER, HALE, GARFIELD, WENNERSTRUM, and MANTZ, JJ., concur.