CHARLEY R. SCOTT et al., Appellees, v. LOREN F. MANLEY et ux., Appellants, and LYLE R. SCHRADER, Appellee.

No. 47377.

(Reported in 36 N. W. 2d 474)

MARCH 8, 1949.

REHEARING DENIED MAY 6, 1949.

L. M. Hullinger, of Cedar Rapids, Korf, Korf & Diehl, of Newton, and Miller, Davis, Hise & Howland, of Des Moines, for appellants.

Campbell & Campbell, of Newton, for Charley R. Scott and W. Norman Atwood, appellees.

Adolph H. Kohlhammer, of Rock Island, Illinois, for Lyle R. Schrader, appellee.

HAYS, J.—This is an equity action involving the rescission of a contract, cancellation of a deed and damages because of alleged fraud. After a hearing, the trial court filed its "Find- ings of Fact and Conclusions of Law." Therein, after an exten- sive review of the facts, it was provided: "The court hereby orders the contract rescinded and orders that the deed to the home of the plaintiff Scott be set aside and the note for $1900 cancelled and that the plaintiffs have judgment against the de- fendants Lyle R. Schrader and Loren F. Manley for $2500 with interest and costs, and orders a decree in conformity with this finding." This was filed November 6, 1947. December 2, 1947, defendants Manley filed notice of appeal to this court from the above findings of fact and conclusions of law. December 29, 1947, a decree in conformity with said findings was filed.

Appellants submit nine propositions as a basis for a reversal. However, the first thereof, rather than being an error relied upon for a reversal, is more of a defense to an anticipated attack upon the appeal by the appellees. It is to the effect that the order of November 6, 1947 is a final adjudication of the issues; it is a final decision within the contemplation of Rule 331(a), Rules of Civil Procedure, and an appealable order, as a matter of right. This claim is based squarely upon the pronouncement of this court in the case of Stolar v. Turner, 236 Iowa 628, 19 N.W. 2d 585. Appellees assert, in their brief and argument, that the "Findings" etc. of November 6, 1947 is not a final judgment or decision and ask that the appeal be dismissed.

As the issue, thus raised, specifically questions the jurisdic- tion of this court to entertain this appeal, we will dispose of it before proceeding with the other propositions.

I. Does this court have jurisdiction? In other words, is the "Findings of Fact and Conclusions of Law," filed November 6, 1947, an appealable order?

Rule 331(a), Rules of Civil Procedure, provides: "All final judgments and decisions of courts of record * * * may be ap- pealed to the supreme court * * *." While the above rule super-

seded sections 12822 and 12823, Code of 1939,·it made no change in the law as to *what* may be appealed, but only as to *how* appeals from intermediate rulings or decisions may be taken.

Appellants rely upon the case of Stolar v. Turner, supra. That case was a law action in which an equitable issue was injected by answer. Upon motion, the equitable issue was first tried and a *decree* entered dismissing that issue. An appeal was taken from this decree and later a judgment was entered for plaintiff, as asked for in the petition. The claim was made in this court, by a motion to dismiss the appeal, that the appeal was from an intermediate order or decision without following the requirements set forth in Rule 332, Rules of Civil Procedure. This court held the "decree" constituted a final order under Rule 331(a). Assuming the Stolar opinion to be correct, under its particular facts and issues, it is of no assistance to appellants herein. There, both parties agree that the *decree* was an appealable order; the question being whether it was a final one, allowing appeal as a matter of right, or whether it was an intermediate one, which required compliance with Rule 332. Here, appellants claim it is a final order with appeal, as a matter of right; appellees claim that it is not appealable, either as a final, or an intermediate order.

Prior to the adoption of the Rules of Civil Procedure, section 11435, Code of 1939, required the trial court, on request, to file a "Findings of Fact and Conclusions of Law." Rule 179, Rules of Civil Procedure, which supersedes section 11435, now requires such a finding in all cases, law or equity, tried to the court without request being necessary. While Rule 179 has never been before this court on this particular issue, this court has many times passed upon the status of *findings* or *opinions* of the trial court. What we have previously said is still applicable, irrespective of Rule 179.

In Higley v. Kinsman, Iowa, 216 N.W. 673, 676, we quote from 23 Cyc. 666, as follows:

" 'Findings of fact or conclusions of law by the judge trying a case, or his decision of a controverted point, or opinion upon the matters submitted, whether oral or in writing, does not con-

stitute a judgment and is not such a definitive sentence or adjudication as is contemplated by that term.' "

In Hews v. Stonebreaker, 132 Iowa 608, 109 N.W. 1092, we said: "It is fundamental that an appeal will not lie from an opinion filed by the trial court." See also Hess v. Hess, 184 Iowa 796, 169 N.W. 111; Rance v. Gaddis, 226 Iowa 531, 284 N.W. 468; Harmon v. Hutchinson Ice Cream Co., 215 Iowa 1238, 247 N.W. 623; In re Estate of Evans, 228 Iowa 908, 291 N.W. 460. Miller's Equity Procedure, section 260, says: "An opinion, however positive, is not in any sense a final act; it is not the subject of appeal." 4 C. J. S., Appeal and Error, section 122, page 243, states: "As a rule no appeal or writ of error lies from an interlocutory order relating to the verdict of the jury or findings of the court." 49 C. J. S., Judgments, section 4, page 28, says: "As a general rule, decisions, opinions, findings, or verdicts do not constitute a judgment or decree but merely form the basis on which the judgment is subsequently to be rendered."

Unless the appeal is one authorized by Rule 331, Rules of Civil Procedure, this court does not have jurisdiction to entertain the same and it will be dismissed. Jaeger Mfg. Co. v. Massachusetts Bonding & Ins. Co., 229 Iowa 158, 294 N. W. 268; Hubbard v. Marsh, 239 Iowa 472, 32 N.W. 2d 67. We are satisfied that the "Findings of Fact and Conclusions of Law", filed November 6, 1947, is not an appealable order; that this court does not have jurisdiction to entertain this appeal and that the same must be dismissed.—Appeal dismissed.

All JUSTICES concur.