·MALCOLM WILSON, appellant, v. WESTON CORBIN, appellee.

No. 47493.

(Reported in 40 N.W. 2d 472)

JANUARY 10, 1950.

Stuart & Stuart, of Chariton, for appellant.

R. E. Killmar, of Osceola, and Elton A. Johnston, of Corydon, for appellee.

GARFIELD, J.—This is a law action in which the trial court directed a verdict for defendant at the close of plaintiff's evidence and plaintiff has attempted to appeal as a matter of right pursuant to rule 331(a), Rules of Civil Procedure. The record on appeal shows defendant's motion to direct was sustained and also shows the jury's verdict at the direction of the court. The record makes no reference to the entry of any judgment.

In the belief there may have been a judgment which was inadvertently omitted from the record we requested the clerk of the trial court, pursuant to rule 341(b), to certify and transmit to us the final judgment. The clerk advises us that final judgment has not been entered.

So far as material here, rule 331(a) provides, "All final judgments and decisions of courts of record * * * may be appealed * * *." Rule 331(b) states that no interlocutory ruling or decision may be appealed until after the final judgment or order except, pursuant to rule 332, upon permission granted by this court or a justice thereof. No attempt was made here to obtain such permission.

If the ruling on the motion to direct or the verdict pursuant thereto is not a final judgment or decision plaintiff was not entitled to appeal under rule 331(a). We have held several times that we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission was granted to appeal from the ruling as an interlocutory one. Hubbard v. Marsh, 239 Iowa 472, 32 N.W. 2d 67, and citations; Scott v. Manley, 240 Iowa 722, 36 N.W. 2d 474, and citations; In re Estate of Starlin, 241 Iowa 72, 40 N.W. 2d 1.

Defendant (appellee) has not moved to dismiss the appeal or otherwise urged the lack of our jurisdiction. However,

jurisdiction cannot be conferred even by consent, much less by silence of an appellee. It is not only our right but our duty to refuse, on our own motion, to entertain an appeal not authorized by statute and we have frequently so held. Hubbard v. Marsh, supra, and citations; State ex rel. McPherson v. Rakey, 236 Iowa 876, 882, 20 N.W. 2d 43, 46, and citations.

A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original condition or, as frequently said, put the case out of court. It is a determination which may be enforced by execution or in some other appropriate manner. In re Estate of Swanson, 239 Iowa 294, 305, 31 N.W. 2d 385, 391, and citations.

An order sustaining a motion to direct or the verdict pursuant thereto is not a final judgment or decision from which an appeal will lie as a matter of right. Scott v. Manley, supra, 240 Iowa 722, 725, 36 N.W. 2d 474, 476, quotes with approval from 4 C. J. S., Appeal and Error, section 122: "As a rule no appeal or writ of error lies from an interlocutory order relating to the verdict of the jury or findings of the court." Also from 49 C. J. S., Judgments, section 4: "As a general rule, decisions, opinions, findings, or verdicts do not constitute a judgment or decree but merely form the basis on which the judgment is subsequently to be rendered."

30 Am. Jur., Judgments, section 7, states, "A judgment is distinct * * * from the verdict * * *." In 49 C. J. S., Judgments, section 4, it is said: "A verdict is not a judgment, but only the basis for a judgment, which may, or may not, be entered on it." And from 4 C. J. S., Appeal and Error, section 139, "Unless expressly allowed by statute, an appeal does not lie from an order directing * * * a verdict." Section 153b, id., states: "Unless allowed by express statutory provision * * * appeal will not lie from the verdict of a jury without an entry of judgment thereon * * *."

In Cook v. City of Des Moines, 196 Iowa 76, 194 N.W. 250, we dismissed an appeal from the direction of a verdict where no judgment was entered thereon. Jones & Dickey v. Givens, 77 Iowa 173, 41 N.W. 608, holds we have no jurisdiction of an appeal

from a verdict on which the record fails to show the entry of a judgment.

Before the adoption of the Rules of Civil Procedure, section 12823(4), Code, 1939, provided that an appeal might be taken as a matter of right from "An intermediate order involving the merits or materially affecting the final decision." We held in some cases that an order directing a verdict was such an intermediate order. Kayser v. Occidental Life Ins. Co., 231 Iowa 620, 623–625, 1 N.W. 2d 715, 716, 717, and citations. None of these decisions holds an order for directed verdict is a final judgment. At least inferentially they hold it is not a judgment.

The former Code section 12823 was superseded by rules 331(b) and 332(a) so that appeals from intermediate or interlocutory orders may no longer be taken as a matter of right. Phillips v. Catterson, 235 Iowa 715, 17 N.W. 2d 517; Scott v. Manley, supra, 240 Iowa 722, 36 N.W. 2d 474.

▮ The failure to enter judgment was the clerk's failure. Rule 223 provides that "the clerk must forthwith enter judgment upon a verdict when filed, unless it is special, or the court has ordered the case reserved for future argument or consideration." However, attorneys should see that final judgment is entered in all cases in which they undertake to appeal as a matter of right under rule 331(a). It seems that such a judgment entry may be made nunc pro tunc in the trial court. 49 C. J. S., Judgments, section 118a.

▮ The writer would dismiss the appeal herein by reason of lack of our jurisdiction to entertain it. However, the other members of the court think the submission should be set aside and the parties given twenty days in which to have the proper judgment entered nunc pro tunc, and the record here corrected to show such judgment (rule 341, Rules of Civil Procedure). If so corrected the case will be resubmitted at the February period of the present term of this court without further oral or written argument. If not so corrected the appeal will be dismissed during said February period.—Submission set aside with leave to have judgment entered.

BLISS, C.J., and OLIVER, HALE, WENNERSTRUM, MANTZ, MULRONEY, and HAYS, JJ., concur.