IN RE ESTATE OF J. C. FRANCE.

No. 48239.

(Reported in 57 N.W.2d 198)

MARCH 10, 1953.

E. C. Halbach, of Clinton, for James D. France, executor of the estate of J. C. France, appellant.

Reid L. Hunt, of Tipton, and Milroy, Milroy & Milroy, of Vinton, for George L. Paul and F. W. Moffit, administrators d. b. n. of the estate of Albert H. Moffit, appellees.

OLIVER, J.—This is an appeal from an order of the district court granting claimant an extension of time for filing claim against the estate of J. C. France, deceased. Claimant had petitioned the court for such extension, alleging peculiar circumstances entitled claimant to equitable relief. See section 635.68, Code of Iowa, 1950. Trial upon this single issue resulted in the order granting the extension and the appeal therefrom.

Claimant moved to dismiss the appeal on the ground the order was not appealable. R. C. P. 331 provides for two classes of appeals:

"(a) All final judgments and decisions * * * may be appealed * * *.

"(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332 * * *."

In this case no application was made for leave to appeal under R. C. P. 332, which allows appeals from interlocutory orders only when granted by the supreme court or a justice thereof. Hence, the question is whether the order, extending the time for filing the claim, was a final judgment or decision which was appealable as a matter of right under R. C. P. 331(a).

This proposition was determined in Ontjes v. McNider, 224 Iowa 115, 275 N.W. 328, which held such an order was not a final judgment or order from which an appeal was authorized by the statutes then in effect. In re Receivership of Bank of Hamburg, 203 Iowa 1399, 214 N.W. 561, involved an appeal from an order permitting the filing of a claim in receivership after the expiration of the time originally fixed for filing claims. Holding the order was not appealable, the court dismissed the

appeal on its own motion. Scott v. Manley, 240 Iowa 722, 723, 724, 36 N.W.2d 474, points out that R. C. P. 331(a) made no change in the former law as to what may be appealed, but only as to how appeals from intermediate rulings or decisions may be taken.

It seems clear, as a matter of principle, that an order which merely permits the filing of a claim against an estate is not a final judgment or decision within the purview of R. C. P. 331. We adhere to our decisions in the Ontjes and Bank of Hamburg cases, supra, and hold the order was not one from which an appeal may be taken as a matter of right.

It is argued claimant's motion to dismiss the appeal should be overruled because it was not filed within twenty days after the record was filed, as required by R. C. P. 348. Were that argument sound this court would be required to consider any appeal in which the appellee, by oversight or design, did not timely file a motion to dismiss. We have frequently, on our own motion, dismissed appeals from orders which were not appealable as a matter of right. When that situation is brought to our attention by motion of an appellee, even though not timely, there is no good reason for a contrary rule. See Kulhavy v. Rugger, 241 Iowa 520, 522, 41 N.W.2d 664, 665, and citations.— Appeal dismissed.

All JUSTICES concur.