BESSIE CROWE, appellee, v. DE SOTO CONSOLIDATED SCHOOL DISTRICT et al., appellants.

No. 48606.

(Reported in 66 N.W.2d 859)

NOVEMBER 16, 1954.

Hoffman & Hoffman, of Des Moines, for appellants.

Doran, Doran, Doran & Erbe, of Boone, for appellee.

LARSON, J.—Defendants appealed the Iowa Industrial Commissioner's finding of liability for disability resulting from an alleged service-connected employment as a schoolteacher. The trial court made a finding in favor of the plaintiff upholding the Iowa Industrial Commissioner's determination, and defendants have attempted to appeal as a matter of right pursuant to rule 331(a), Rules of Civil Procedure. The record makes no reference to the entry of judgment, and in the belief that such judgment entry had been inadvertently omitted we requested the clerk of the trial court to certify and transmit to us the final judgment. The clerk advised that final judgment has not been entered.

Rule 331(a) provides: "All final judgments and decisions of courts of record * * * may be appealed * * *." Rule 331(b) states that no interlocutory ruling or decision may be appealed until after the final judgment or order, except pursuant to rule 332 upon permission granted by this court or a justice thereof. No attempt has been made here to obtain such permission.

 I. We have held many times that we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than a final

judgment was obtained. Wilson v. Corbin, 241 Iowa 226, 40 N. W.2d 472, and cases cited therein.

■ II. While plaintiff has not moved to dismiss the appeal or urged the lack of our jurisdiction, we cannot gain jurisdiction by such silence on her part. It is our duty to reject an appeal not authorized by statute. Wilson v. Corbin, supra; Hubbard v. Marsh, 239 Iowa 472, 32 N. W.2d 67, and citations; State ex rel. McPherson v. Rakey, 236 Iowa 876, 882, 20 N.W.2d 43, 46, and citations.

■■ III. As a general rule decisions, opinions, findings or verdicts do not constitute a judgment or decree, but merely form a basis on which the judgment or decree is subsequently to be rendered. 4 C. J. S., Appeal and Error, section 139; 30 Am. Jur., Judgments, section 7; 49 C. J. S., Judgments, section 4. A final judgment or decision is one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions. It is a determination which may be enforced by execution or in some similar manner. In re Estate of Swanson, 239 Iowa 294, 305, 31 N. W.2d 385, 391, and citations.

■ We are unable to understand why no judgment entry was made in this matter, for in the trial court's Conclusions of Law it provided "A judgment or decree may be prepared in accordance with this ruling of the court by the attorneys for the plaintiff and submitted to the court for signature." Under the present state of the record which discloses only the court's Findings of Fact and Conclusions of Law we have no choice but to dismiss this appeal, lacking jurisdiction to entertain it at this time.

IV. In the case of Wilson v. Corbin, supra, in which a similar situation arose, we set aside the submission and gave the parties twenty days in which to have the proper judgment entered nunc pro tunc, and the record corrected to show such judgment. We provided that if so corrected the case would be resubmitted at the next period of this court without further oral or written argument. Such will be our holding herein and, unless so corrected, the appeal will be dismissed during the December

period of the present term of this court.—Submission set aside with leave to have judgment entered and the record so corrected.

OLIVER, WENNERSTRUM, SMITH, MULRONEY, and HAYS, JJ., concur.

GARFIELD, C. J., and BLISS and THOMPSON, JJ., dissent in part.

GARFIELD, C. J. (dissenting)—I concur in the majority opinion except Division IV and the result, to which I respectfully dissent. I would decline to follow the result favored by the majority in Wilson v. Corbin, 241 Iowa 226, 40 N.W.2d 472, and would dismiss the appeal.

While I concede the cited case is authority for the disposition made of the appeal here, there is more reason to dismiss this appeal than there was in Wilson v. Corbin. There "The failure to enter judgment was the clerk's failure." (Page 229 of 241 Iowa, page 474 of 40 N.W.2d.) That is not true here. Further, Wilson v. Corbin warns, "However, attorneys should see that final judgment is entered in all cases in which they undertake to appeal as a matter of right under rule 331(a)." Ibid. The result of this opinion leaves little incentive for attorneys to heed the warning.

BLISS and THOMPSON, JJ., join in this dissent.