HOWARD W. FORTE, as guardian of the person and property of Karen Diane Lehr, a minor, appellant, v. FRED LEWIS SCHLICK and SCHLICK CONCRETE PRODUCTS, appellees.

No. 49252.

(Reported in 85 N.W.2d 549)

OCTOBER 15, 1957.

Phelan, Karr & Karr, of Webster City, for appellant.

Richard Strickler and Bannister, Carpenter, Ahlers & Cooney, all of Des Moines, for appellees.

GARFIELD, J.—Plaintiff's petition was at law in a single count to recover damages for his minor ward, a few months old, resulting from an automobile collision in which the ward sustained personal injuries and her father (driver of one car) and mother were killed. Paragraph 7 of the petition alleged defendants (owner and driver of the other car), through their negligence, have deprived plaintiff's ward of the tender love and affection, interested rearing, custody and support of her parents, to her damage in the sum of $150,000. Paragraph 8 alleged the ward

has been damaged by her personal injuries in the sum of $10,000. Judgment for $160,000 was prayed.

D'efendants moved to strike paragraph 7 on the ground, in substance, plaintiff had no cause of action to recover for the death of the child's parents. The trial court sustained the motion. Plaintiff appealed from the ruling without asking or obtaining permission from us under rule 332, Rules of Civil Procedure. We hold the appeal, without grant of permission, must be dismissed.

Rule 331 provides: "(a) All final judgments and decisions of courts of record, and any final adjudication in the trial court under rule 86 involving the merits or materially affecting the final decision, may be appealed to the supreme court, except as provided in this rule and in rule 333. * * *.

"(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *."

Rule 332(a) states: "Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. Such appeal may be granted, after notice, and hearing * * *. No such application is necessary where the appeal is, pursuant to rule 331, from a final adjudication in the trial court under rule 86."

It is clear the ruling plaintiff appealed from is not a final judgment or decision. Such a judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. See rule 219; In re Estate of Swanson, 239 Iowa 294, 305, 31 N.W.2d 385, 391, and citation; In re Estate of Starlin, 241 Iowa 72, 75, 40 N.W.2d 1, 3; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 112; Crowe v. De Soto Consolidated School District, 246 Iowa 38, 40, 66 N.W.2d 859, 860.

A ruling or order is interlocutory if it is not finally decisive of the case. See decisions last above. This ruling is of that kind.

Rules 331 and 332(a), quoted above so far as applicable here, provide no application for leave to appeal is necessary

where the appeal is from a final adjudication under rule 86 involving the merits or materially affecting the final decision.

Rule 86, in the chapter entitled "Pleadings and Motions", states: "Pleading over—election to stand. If a party is required or permitted to plead further by an order or ruling, * * * unless otherwise provided by order or ruling, such party shall file such further pleading within seven days * * *; and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election."

■ While the precise effect of this rule may not be entirely clear we are satisfied the ruling in question cannot be deemed a final adjudication under it for purposes of appeal. Rule 86 was designed primarily to render unnecessary the formal entry of final judgment against a party who obviously has decided to stand on his pleadings following a ruling on a motion to dismiss which is adverse to him. Such a party in effect suffers a final adjudication against him. The rule was applied under these circumstances in Mutzel v. Northwestern Bell Tel. Co., 247 Iowa 14, 15, 72 N.W.2d 487; Wernet v. Jurgensen, 241 Iowa 833, 835, 836, 43 N.W.2d 194, 196; Wright v. Copeland, 241 Iowa 447, 449, 41 N.W.2d 102, 103; Town of Lakota v. Gray, 240 Iowa 193, 194, 35 N.W.2d 841, 842.

We have also held a ruling appealable without grant of permission where it required plaintiffs to state something more specifically and they refused to comply with the ruling. Such refusal, in view of rule 86, put them in the same position as if the trial court had thereupon dismissed their petition and the merits of their entire claim had been adjudged against them. Goldstein v. Brandmeyer, 243 Iowa 679, 684, 685, 53 N.W.2d 268, 271, 272, which discusses more fully than any other decision the force and effect of rule 86 on the right of appeal.

■ This from the opinion directly supports our conclusion that the ruling in question here is not a final adjudication under rule 86 for purposes of appeal:

"Rule 86 does not relate to appellate but only to trial pro-

cedure. When it provides 'on such election, the ruling shall be deemed a final adjudication in the trial court' that means the particular point or question is settled so far as the *trial court* is concerned. It cannot be again raised there although the case remains open for the trial of any issues 'which remain undisposed of by such ruling and election.'

"If the ruling be one to strike certain allegations of a pleading leaving other allegations to be tried, clearly the 'final adjudication' does not dispose of the entire case in the trial court and the ruling is therefore interlocutory."

In re Estate of Starlin, supra, 241 Iowa 72, 40 N.W.2d 1, was an appeal without grant of permission, from a ruling striking a resistance by an estate creditor to a claim of the widow. We held the ruling was interlocutory and dismissed the appeal.

Rule 331(a), heretofore quoted in part, as now amended, provides that any final adjudication of the trial court under rule 86 is appealable as a matter of right only if it is one "involving the merits or materially affecting the final decision." See Goldstein v. Brandmeyer, supra. The language just quoted is the same as that in section 12823, paragraph 4, Code, 1939, and generally similar provisions in earlier Codes commencing with the Code of 1851, to the effect that appeals might be taken from "An intermediate order involving the merits or materially affecting the final decision." See Wilson v. Corbin, 241 Iowa 226, 229, 40 N.W.2d 472, 474.

Under section 12823, superseded by rules 331(b) and 332(a), such a ruling as we have here was usually held not appealable since it would inhere in the final judgment and might be reviewed on appeal therefrom. See in this connection Commercial Credit Corp. v. Interstate Finance Corp., 233 Iowa 375, 9 N.W.2d 369; Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 182 N.W. 890; Allen v. Church, 101 Iowa 116, 70 N.W. 127 (a ruling striking allegations that go merely to the amount of plaintiff's recovery on a ground otherwise pleaded is not appealable). See also Specht v. Spangenberg, 70 Iowa 488, 30 N.W. 875.

An annotation on the appealability of an order on a motion to strike all or part of a pleading is found in 1 A. L. R.2d 422.

**1332**

█ It is not the policy of the law to permit a litigant to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling of the trial court. Ordinarily every substantial right of the parties can be effectually protected by preserving a proper record and presenting the questions thus saved upon appeal from final judgment. State ex rel. Fullerton v. Des Moines City Ry., 135 Iowa 694, 717, 109 N.W. 867; Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 671, 182 N.W. 890. See also In re Receivership of Bank of Hamburg, 203 Iowa 1399, 1401, 214 N.W. 561, and citations.

█ This ruling will be reviewable upon an appeal by plaintiff from the final judgment. Rule 331(b); Hagmeier v. Dryden Rubber Division, supra, 245 Iowa 1121, 1124, 66 N.W.2d 111, 113.

Referring again to rule 86, we have said it is not applicable to an order holding oral evidence of an agreement was not admissible, from which an appeal was taken, since the order did not purport to require or permit further pleading, which is the basis of that rule. Hubbard v. Marsh, 239 Iowa 472, 474, 32 N.W.2d 67, 68. The ruling in question here contains no such requirement or permission and none can be inferred therefrom.

█ Defendants' failure to move to dismiss the appeal does not confer upon us jurisdiction to entertain it. Since the appeal is not authorized by rule we have no jurisdiction to consider it and will dismiss it upon our own motion. Hubbard v. Marsh, supra, and citations at page 473 of 239 Iowa, page 67 of 32 N.W.2d; Wilson v. Corbin, 241 Iowa 226, 227, 228, 40 N.W.2d 472, 474; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1123, 66 N.W.2d 1112; and Crowe v. De Soto Consolidated School District, 246 Iowa 38, 40, 66 N.W.2d 859, 860, all supra. See also In re Estate of France, 244 Iowa 519, 521, 57 N.W.2d 198.— Appeal dismissed.

All JUSTICES concur.