STATE OF IOWA, appellee, v. KEITH WESLEY LARSON, appellant.

No. 49643.

(Reported in 96 N.W.2d 325)

MAY 5, 1959.

Life & Davis, of Oskaloosa, for appellant.

Norman A. Erbe, Attorney General, and Charles H. Scholz, County Attorney, of Oskaloosa, for appellee.

OLIVER, J.—This appeal stems from proceedings in juvenile court, under chapter 232, Code of Iowa, 1954 (1958), instituted by complaint of the State on the relation of the county attorney, that Keith Wesley Larson, age fourteen, was a delinquent child, within the purview of said chapter. Like complaints were filed against six other school boys. Consolidated hearings were had in May 1958, at which there was evidence of quarrels and fights in which some of the boys were involved.

June 10, 1958, the court filed its "Order and Judgment", finding only that it had jurisdiction, etc., and: "That this cause [against Keith Larson] should be continued." It was ordered and adjudged that the cause be continued during the good behavior of Keith, until further order of the court, that he be allowed to reside in the home of his parents and that, during the continuance, he be placed under the general supervision of the county probation officer, who should require him to attend school regularly and comply with its rules, to observe a ten o'clock curfew, to keep out of taverns, pool halls and motor vehicles, to abstain from intoxicating liquors, and to refrain from fighting, carrying weapons or associating with certain of the other boys outside the school.

It was further ordered that the court retain jurisdiction of the case for the purpose of making such further orders as it might deem advisable, that the cause might be brought on for hearing upon the application of the county attorney, probation officer or any interested person, and that, after six months, the court would entertain a motion to dismiss the proceedings upon proof Keith had not violated its directions. Complaining that the court erred in failing to adjudge he was not a delinquent child and in failing to decide that issue, Keith filed notice of appeal to this court from the foregoing Order and Judgment. However, he was not granted permission to appeal by this court or a member thereof.

I. Plaintiff contends that the absence of such permission invalidated the appeal, that this court did not acquire jurisdiction of it and that it should be dismissed. Under our Rules of Civil Procedure no permission to appeal final judgments and decisions is required. However, appeals from interlocutory rulings or decisions may be taken only if granted by the Supreme

Court or a member thereof. Rules 331 and 332, R. C. P. In the absence of such grant or permission in this case the question remains whether the Order and Judgment was final or interlocutory.

Aside from formal findings of jurisdiction the only finding of the Order and Judgment was, that the cause should be continued, and it was so ordered, with provisions therefor, and recitations that jurisdiction was retained to make further orders, and that "this cause may be brought on for hearing upon the application of * * * any * * * interested person * * *." The provisions of the "Order and Judgment" clearly show it was not a final judgment but was merely an interlocutory order which could not be appealed without permission. No such permission having been granted, the court did not acquire jurisdiction of the case. See Hagmeier v. Dryden Rubber Division of Sheller Mfg. Corp., 245 Iowa 1121, 66 N.W.2d 111, and citations; Forte v. Schlick, 248 Iowa 1327, 85 N.W.2d 549. Hence, the appeal must be dismissed.

In view of this conclusion appellee's motion to dismiss the appeal on the ground the questions presented had become moot will not be determined.—Appeal dismissed.

All JUSTICES concur.