WILLIAM M. HARDEN, individually and as administrator of estate of MAURICE W. HARDEN, deceased, appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY, appellant.

No. 50772.

(Reported in 118 N.W.2d 76)

November 13, 1962.

Burnquist, Burnquist & Kersten, of Fort Dodge, for appellant.

Mitchell, Mitchell & Murray, of Fort Dodge, for appellee.

Moore, J.—This wrongful death action has been twice tried to a jury. The first resulted in judgment for defendant which we

reversed on the ground of jury misconduct. (253 Iowa 341, 112 N.W.2d 324) The second jury did not agree. Defendant then filed a motion for judgment claiming its motion for directed verdict should have been sustained as the evidence failed to create a jury question on freedom from contributory negligence. The trial court overruled the motion. Defendant has appealed.

I. The right to appeal is statutory and in civil cases is governed by the Iowa Rules of Civil Procedure. Rule 331 provides for two classes of appeals:

"(a) All final judgments and decisions * * * may be appealed * * *.

"(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *."

Rule 332(a) states: "Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. * * *."

Defendant made no application for leave to appeal under R. C. P. 332. Unless the order overruling defendant's motion for judgment after the jury failed to reach a verdict was a final judgment or decision, appealable as a matter of right under R. C. P. 331(a), we have no jurisdiction to entertain the appeal.

II. A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. In re Estate of Swanson, 239 Iowa 294, 305, 31 N.W.2d 385, 391; Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, 474, and citations; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 112; Forte v. Schlick, 248 Iowa 1327, 1329, 85 N.W.2d 549, 551.

III. Rule 200 provides:

"Discharge—retrial. The court may discharge a jury * * * if they have deliberated until it satisfactorily appears that they cannot agree. *The case shall be retried immediately or at a future time, as the court directs.*" (Emphasis ours.)

It was the mandatory duty of the trial court to retry this case without undue delay. The parties were returned to their original positions. Upon retrial defendant can protect its right, if any, to a directed verdict and any adverse ruling will be reviewable upon appeal from final judgment. To allow defendant to appeal without a grant of permission from this court would nullify the explicit provisions of rule 200. The trial court's ruling was not a final judgment or decision as required by rule 331. It is not the policy of the law to permit a litigant to prolong litigation and embarrass the course of justice by prosecuting an appeal from every interlocutory ruling of the trial court. Ruth & Clark, Inc., v. Emery, 235 Iowa 131, 133, 15 N.W.2d 896, 898; Forte v. Schlick, supra.

IV. We have held many times we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than final judgment or decision was obtained. Wilson v. Corbin, 241 Iowa 226, 227, 40 N.W.2d 472, 473; Crowe v. DeSoto Consolidated Sch. Dist., 246 Iowa 38, 39, 66 N.W.2d 859, 860; Forte v. Schlick, 248 Iowa 1327, 1332, 85 N.W.2d 549, 552, and citations.

V. Plaintiff (appellee) has not moved to dismiss the appeal or otherwise urged our lack of jurisdiction. However, jurisdiction cannot be conferred even by consent, much less by silence of an appellee. It is our duty to refuse, on our own motion, to entertain an appeal not authorized by rule. Wilson v. Corbin, 241 Iowa 226, 227, 228, 40 N.W.2d 472, 474; Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1123, 66 N.W.2d 111, 112; Crowe v. DeSoto Consolidated Sch. Dist., 246 Iowa 38, 40, 66 N.W.2d 859, 860; Forte v. Schlick, 248 Iowa 1327, 1332, 85 N.W.2d 549, 552, all supra.—Appeal dismissed.

All JUSTICES concur except STUART, J., who takes no part.