KENDRA GOECKE, by CALVIN GOECKE, her father, individually and as next friend, appellants, v. GEORGE SCHOEL and JANICE SCHOEL, appellees.

No. 51534.

(Reported in 132 N.W.2d 481)

JANUARY 12, 1965.

REHEARING DENIED MARCH 9, 1965.

Mote, Wilson & Welp, of Marshalltown, for appellants.

Cartwright, Druker, Ryden & Fagg, of Marshalltown, for appellees.

SNELL, J.—This is an action seeking recovery for injuries sustained by plaintiff (Kendra Goecke) when she jumped from an automobile owned and operated by defendants. Plaintiffs· are Kendra Goecke, a minor, and her father. Plaintiff Kendra Goecke, fourteen years old, was a student in State Center Community School. She was a member of the eighth grade sextet participating in a music contest at Radcliffe. The group requiring transportation included the six vocalists, the piano accompanist and the teacher. For the eight persons two cars were needed. The teacher furnished and drove one car. Mrs. Schoel furnished (it was registered in the name of her husband) and drove one car. Mr. and Mrs. Schoel are defendants herein.

The Schoel car was furnished· as. an accommodation and without compensation. Plaintiff (Kendra) rode·in. defendants'. car.

The trip to .Radcliffe was without incident. The return trip to State Center was by indirect route so that the girls might eat at Ames. During the return trip the foot feed .on defendants' car stuck and the car. went out of control. With the permission of defendant the girls jumped from the moving car. Kendra was injured. In plaintiffs' petition seeking recovery both negligence and recklessness on the part of the driver were alleged.

At the close of . all the ·evidence· the .trial court directed a verdict for· defendants. From the order of the court sustaining defendants' motion for a directed verdict plaintiffs have attempted to appeal.·

The several problems involved were extensively argued and ably considered by the trial court and have been thoroughly argued here but at the beginning of our consideration we are faced with a question of jurisdiction.

The record shows that the jury, upon direction of the court, returned a verdict as follows: "We, the jury; under direction of the court, find in favor of the defendants." Thereafter, the following entry was recorded in the district· court record, "Cause dismissed, costs adjudged against plaintiffs. John W. Tobin, Judge." .

On December 13, 1963, and within the time permitted for appeal plaintiffs filed notice of appeal stating that plaintiffs

"hereby appeal to the Supreme Court of Iowa from the Order of the Court in the above entitled matter sustaining the Defendants' motion for a directed verdict."

The attempted appeal was thus from the directed verdict and not from the final judgment.

Unless this notice is sufficient we are without jurisdiction.

On February 4, 1964, defendants filed motion to dismiss appeal. On March 9, 1964, the motion was denied without statement of reasons or the filing of opinion. The challenge to our jurisdiction is again urged in appellees' brief and argument. Further consideration leads to the conclusion that we are without jurisdiction and that the appeal must be dismissed.

■ I. It is our duty to correct our own order when found to be wrong. Montanick v. McMillin, 225 Iowa 442, 459, 280 N.W. 608.

■ II. The only Iowa authority cited by plaintiffs in support of the sufficiency of their notice of appeal is In re Dugan, 129 Iowa 241, 105 N.W. 514. Plaintiffs quote from that case as follows: "A notice of appeal will be liberally construed, and, if it is sufficiently definite for a reasonably certain identification of the judgment, order or decision appealed from, it is good." (Loc. cit. 243)

The Dugan case was decided in 1906 under rules then in force but now superseded. We also note that in the case before us the order from which appeal was attempted was clearly and unmistakably identified. Unfortunately for plaintiffs it was not an appealable order. See Division V, infra.

III. Rules 331 and 332, Rules of Civil Procedure, adopted in 1943 and amended in 1945 and 1951, changed the method of appeal.

Except for limitations not involved here final judgments are appealable under rule 331. An interlocutory order is not appealable except as provided in rule 332. In the case before us there is no claim of compliance with rule 332.

IV. Rule 336 provides that notice of appeal "shall specify the parties taking the appeal, and the decree, judgment, order or part thereof appealed from." In the case before us the notice of appeal specifically stated that the appeal was from the order of

court "sustaining the defendants' motion for a directed verdict." There was no attempt to appeal from anything else.

V. An order sustaining a motion for directed verdict is interlocutory and is no longer appealable except by permission. The right to appeal is from the final judgment. Cases such as Kayser v. Occidental Life Insurance Co., 231 Iowa 620, 1 N.W.2d 715, and authorities discussed therein were decided under a statute permitting an appeal from an interlocutory order materially affecting the final decision. They antedate our present rules and are not controlling.

VI. We have definitely held since the adoption of the present rules that "an order sustaining a motion to direct or the verdict pursuant thereto is not a final judgment or decision from which an appeal will lie as a matter of right." Wilson v. Corbin, 241 Iowa 226, 228, 40 N.W.2d 472, and cases cited therein.

In the Wilson case a judgment entry nunc pro tunc was permitted. In the case at bar there was a judgment entry but no appeal therefrom.

Wilson v. Corbin has been repeatedly cited and consistently followed.

VII. "Unless the appeal is one authorized by Rule 331, Rules of Civil Procedure, this court does not have jurisdiction to entertain the same and it will be dismissed." Scott v. Manley, 240 Iowa 722, 725, 36 N.W.2d 474, and cases cited therein.

VIII. We conclude that we are without jurisdiction to entertain this appeal and that it must be dismissed.—Appeal dismissed.

All JUSTICES concur.