HAYES H. JOHNSON et ux., appellants, v. IOWA STATE HIGHWAY COMMISSION et al., appellees.

No. 51707.

(Reported in 134 N.W.2d 916)

MAY 4, 1965.

W. Lawrence Oliver, of Des Moines, for appellants.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellee H. A. Heverly.

MOORE, J.—On August 6, 1964, plaintiffs filed a petition at law against Iowa State Highway Commission and H. A. Heverly, its special right-of-way engineer, claiming $10,000 actual damages and $20,000 exemplary damages. The petition alleged that during July 1963 they learned their property on Walker Street in Des Moines would be affected by the relocation of East Fifteenth Street, they employed counsel to negotiate with defendants, Heverly met with their counsel but no settlement was reached because of bias and prejudice against them. Paragraph 8 alleged: "That on or about July 8, 1964, the defendants completely closed the driveway to plaintiffs' property from Walker Street, cutting off access to their property completely and substantially interfered with the view, light and air which said dwelling formerly enjoyed. That subsequently to said date, and on or about July 20 the defendants erected poles in the center of plaintiffs' driveway leading from Walker Street, further cutting off light, air, and view and making it impossible to in any way enter on plaintiffs' property from Walker Street."

Plaintiffs also alleged defendants' acts caused them mental anguish, humiliation, embarrassment and inconvenience (paragraph 9) and that defendants acted with malicious design for the purpose of damaging plaintiffs and their property (paragraph 11).

The highway commission's special appearance was sustained. It is not involved in this appeal.

Heverly moved to strike certain allegations of the petition, including those regarding his failure to negotiate in good faith with plaintiffs. He made no attack on the allegations of paragraph 8 or those in paragraphs 9 and 11 to which we have referred.

The trial court sustained each part of Heverly's motion to strike. Plaintiffs appealed from the ruling without asking or obtaining permission from us under rule 332, Rules of Civil Procedure. We hold the appeal must be dismissed.

■ The right of appeal is statutory and in civil cases is governed by the Iowa Rules of Civil Procedure which have the force and effect of statute. Rule 331 provides for two classes of appeals.

"(a) All final judgments and decisions * * * may be appealed * * *.

"(b) No interlocutory ruling or decision may be appealed, except as provided in rule 332, until after the final judgment or order. * * *."

Rule 332(a) states: "Any party aggrieved by an interlocutory ruling or decision * * * may apply to the supreme court or any justice thereof to grant an appeal in advance of final judgment. * * *."

■ We have consistently held we have no jurisdiction to entertain an appeal where no final judgment was entered and no permission to appeal from any ruling less than a final judgment or decision was obtained. Wilson v. Corbin, 241 Iowa 226, 227, 40 N.W.2d 472, 473; Crowe v. De Soto Consol. Sch. Dist., 246 Iowa 38, 39, 66 N.W.2d 859, 860; Forte v. Schlick, 248 Iowa 1327, 1332, 85 N.W.2d 549, 552; Harden v. Illinois Central R. Co., 254 Iowa 426, 429, 118 N.W.2d 76, 77, 78.

■ A final judgment or decision is one that finally adjudicates the rights of the parties. It must put it beyond the power of the court which made it to place the parties in their original position. A ruling or order is interlocutory if it is not finally decisive of the case. Employers Group of Ins. Cos. v. Villhauer, 254 Iowa 391, 395, 118 N.W.2d 38, 40; Harden v. Illinois Central R. Co., 254 Iowa 426, 428, 118 N.W.2d 76, 77; Winneshiek Mutual Insurance Association v. Roach, 257 Iowa 354, 359, 132 N.W.2d 436, 439, and citations.

· An annotation on the appealability of an order on a motion to strike all or part of a pleading is found in 1 A. L. R.2d 422. At page 426 the editor states: "§2. Striking complaint—general rule. Under usual practice, a memorandum, ruling, or order,

sustaining a motion to strike a bill, complaint, petition, or declaration, is not directly appealable, although it may adjudge the plaintiff's action decisively against him. It is interlocutory only. There is no final disposition of the case until a decree or order is entered dismissing the suit, or a judgment is entered for the defendant on the whole cause." At page 431 it is said: "It follows from the general rule, that an order to strike out part of a declaration, petition, bill, or complaint, or of a cross-complaint, is not directly appealable in the absence of some affirmative provision by statute or rule of practice permitting such an appeal."

██ ██ We have followed these general rules. A ruling such as this sustaining a motion to strike some allegations but leaving others to be tried, not being decisive of the case, is interlocutory. Goldstein v. Brandmeyer, 243 Iowa 679, 684, 53 N.W.2d 268, 271; Forte v. Schlick, 248 Iowa 1327, 1329, 85 N.W.2d 549, 551. See also Comments 44 Iowa Law Review 778. It will be reviewable upon an appeal by plaintiffs from the final judgment. Rule 331(b). Hagmeier v. Dryden Rubber Division, 245 Iowa 1121, 1124, 66 N.W.2d 111, 113; Forte v. Schlick, supra, 248 Iowa 1327, 1332, 85 N.W.2d 549, 552. —Appeal dismissed.

All Justices concur except Hays, J., not sitting.