George T. QUALLEY, Appellant,

v.

CHRYSLER CREDIT CORP., Appellee.

No. 59524.

Supreme Court of Iowa.

Jan. 18, 1978.

Law Offices of George T. Qualley, Omaha, Neb., for appellant.

L. W. Rosebrook, of Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

In this appeal by plaintiff George T. Qualley from an adverse final judgment and from an order of the trial court overruling plaintiff's motion to enlarge or to amend the trial court's findings and conclusions this court's jurisdiction to hear the appeal is challenged by defendant. It stems from an action at law tried to the court. The challenge is predicated on defendant's contention plaintiff's notice of appeal was not timely filed as required by rule 335, Rules of Civil Procedure (now rule 5, Rules of Appellate Procedure) which is set out later.

The record discloses that on September 23, 1974, George T. Qualley, a lawyer in Sioux City, instituted this action in the Polk District Court. Plaintiff alleged in his petition and the various amendments thereto that his automobile and certain personal property therein were willfully seized by defendant with malicious design and purpose of injuring plaintiff. He alleged damages to his reputation and embarrassment in explaining to his friends, neighbors, associates and clients that his car was repossessed because he was 17 days in arrears in his car payment. In various other counts he made other allegations. In each prayer for relief he sought either compensatory or exemplary damages or both. His theory of relief was mainly based on defendant's alleged noncompliance with various sections of Chapter 554, Iowa's enactment of the Uniform Commercial Code.

After more than a year filled with various amendments to petitions and answers, discovery procedures and motions, trial was had January 27, 1976. February 23 the trial court filed its findings of fact and conclusions of law and ruling thereon. March 18 the trial court entered final judgment. March 29, 32 days after the court made its findings of fact and conclusions of law, plaintiff filed a motion to enlarge or

amend the court's findings under rule 179(b), R.C.P., which states:

"On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding, without having objected to it by such motion or otherwise."

April 20 plaintiff's motion was overruled. May 19 he filed his notice of appeal from the final judgment and from the trial court's overruling of his motion to enlarge or amend the court's findings and conclusions.

The trial court overruled plaintiff's motion because it found the motion was not timely. The court's ruling was in pertinent part as follows:

" * * *

"RCP 247 states Motions under Rules 241, 243 and 244 must be filed within ten days after the verdict, report or decision is filed * * * Unless the Court, for good cause shown and not ex parte grants an additional time not to exceed thirty days. No cause shown or additional time granted Plaintiff's Motion is untimely and said Motion is overruled."

Defendant's attack on this court's jurisdiction to hear plaintiff's appeal is based on defendant's interpretation of rules 179(b), 247 and 335, R.C.P. Rule 335 provides as follows:

"(a) Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or judgment notwithstanding the verdict is filed as provided in rule 247, or a motion as provided in rule 179'b', and then within thirty days after the entry of the ruling on such motion; * * * ."

The challenge to this court's jurisdiction raises the following questions:

1. Is the timeliness of a motion to enlarge or amend a trial court's findings and conclusions to be determined by the date its findings and conclusions are filed or from the date of entry of its judgment?

2. Does an untimely motion to enlarge or amend the trial court's findings of fact and conclusions of law toll the running of the thirty-day period for filing an appeal under rule 335, R.C.P.?

I. " * * * Want of jurisdiction of the subject matter may be taken advantage of at any stage of the proceedings. It cannot be conferred by waiver, estoppel or consent.

" 'Every court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it. It makes no difference how the question comes to its attention. Once raised, the question must be disposed of, no matter in what manner of form or stage presented. The court on its own motion will examine grounds of its jurisdiction before proceeding further.' * * * [citing authorities]." *Walles v. Intern. Bro. of Electrical Wkrs.*, 252 N.W.2d 701, 710 (Iowa 1977).

If it is determined that this court does not have jurisdiction, plaintiff's appeal must be dismissed even though defendant herein has not moved to dismiss the appeal under rule 348, R.C.P. This was made clear in *Harden v. Illinois Central R. Co.*, 254 Iowa 426, 429, 118 N.W.2d 76, 78, where the court stated:

"Plaintiff (appellee) has not moved to dismiss the appeal or otherwise urged our lack of jurisdiction. However, jurisdiction cannot be conferred even by consent, much less by silence of an appellee. It is our duty to refuse, on our own motion, to entertain an appeal not authorized by rule. * * * [citing authorities]."

II. Plaintiff neither requested nor was granted any extensions of time for filing his motion to enlarge or amend. The trial court did not set any dates other than those prescribed by statute for the filing of such motion. Thus, our discussion of the timeliness of the motion is not concerned with those parts of our Rules of Civil Procedure

which allow courts to grant extensions of time for such motions.

As the parties herein correctly point out, the timeliness of a motion to enlarge or amend under rule 179(b) is determined by the same date as is that of a motion for a new trial under rule 244 (or a motion for judgment notwithstanding the verdict under rule 241 or a bill of exceptions under rule 243). This conclusion is dictated by that section of rule 179(b) wherein it is stated, "On motion joined with or filed within the time allowed for a motion for a new trial," and by that section of rule 247 which provides a motion for a new trial (or for judgment notwithstanding the verdict or for a bill of exceptions) must be filed "within ten days after the verdict, report or decision."

Because the timeliness of both motions is determined by rule 247, it is necessary to determine the meaning of the phrase, "verdict, report or decision." Once this is determined the ten-day period within which such motions must be filed is easily calculated.

Plaintiff maintains the phrase refers to the date of entry of the trial court's judgment. He first contends this court in the case *Egy v. Winterset Motor Co.*, 231 Iowa 680, 2 N.W.2d 93 (filed February 10, 1942), interpreted the phrase and found the time period within which a motion for a new trial must be made began with formal entry of judgment and not from a more informal ruling which had preceded the formal entry.

Plaintiff's interpretation of *Egy* is correct but we find the case actually supports defendant's contention the phrase at issue refers to the date on which the trial court filed its findings of fact, conclusions of law and rulings thereon. The following excerpts from the case, 231 Iowa at 683–687, 2 N.W.2d at 94–95, 96–97, provide the basis for our finding:

" * * * *

"On August 16, 1940, the judge filed in the office of the clerk a written ruling, finding that the plaintiff was entitled to judgment in the sum of $279.44 and further that judgment entry might be prepared and, after submission to counsel for defendant, be forwarded to the judge for signature. Said ruling was not spread of record but was simply filed with the clerk. Thereafter, on August 28, 1940, a judgment was entered against the defendant in favor of the plaintiff in the sum of $279.44 with interest and costs.

"On August 31, 1940, defendant filed a motion for new trial, * * *. On February 7, 1941, the motion for new trial was overruled, the court holding it was not filed in time. * * *

" * * * *

"Pursuant to the foregoing authorities, we are of the opinion and hold that the court erred in overruling the motion for new trial on the theory that it was filed too late. We held that section 11551 of the Code must be interpreted to the effect that the 'verdict, report or decision', that must be rendered to commence the running of the five-day limitation within which a motion for new trial can be filed, does not include an *informal ruling* such as that which was filed by the court herein on August 16, 1940. Where an action at law is tried to the court, a jury being waived, and the court informally expresses the nature of its decision and directs that counsel for the successful party prepare a formal judgment to give effect to the informal decision so expressed, the five-day period, within which a motion for new trial may be filed, does not commence to run until the formal judgment has been prepared and entered. To hold otherwise would always place it within the power of counsel for the successful party to delay the preparation of the formal entry for more than five days, as was apparently done herein, and thus place the defeated party in the incongruous situation of being compelled to prepare and file a motion for new trial before it could be known with certainty just what the *formal decision* was going to be. * * * [W]e cannot and will not attribute to the legislature the intention to produce such a result. * * * *." (Emphasis supplied).

It is obvious from the quoted excerpts the court in *Egy* was concerned with giving

effect to the section [11551] of the Code [1939] which allowed for motions for a new trial. The court refused to interpret the statute in a manner which would allow the apparently successful party to foreclose the apparently unsuccessful party from moving for a new trial. This is not a concern in the present case. Here defendant did nothing to attempt such a result. The option to file or not to file a motion to enlarge or amend was at all times within the control of plaintiff.

It was clear from the quoted excerpts, courts at the time of trial in *Egy* were not required to issue formal findings of fact and conclusions of law as is required today by rule 179(a). The court in *Egy* issued an informal decision which because of its informality did not provide the losing party with notice of what facts and conclusions the court's later formal judgment would be based upon. This is not a concern in the case now before this court. Here when the court issued its findings and conclusions it was obvious to plaintiff on which facts and law the court's impending judgment entry would be based. This was the moment from which plaintiff could file a motion for new trial. He did not need to wait until final judgment was entered. See *Schmatt v. Arenz*, 176 N.W.2d 771, 774 (Iowa 1970), where the court stated:

"But litigants have ten days after verdict to file motions for new trial. Rule 247, R.C.P. *Thus in the usual course of events, judgment has been entered by the time the motion is filed.* \* \* \*

"In this case the trial court, anticipating a motion for new trial, initially directed the clerk to withhold entry of judgment. *Plaintiff filed her motion for new trial within ten days after verdict,* and requested that judgment be entered. This she had a right to do. She did not know whether the trial court would sustain her motion, and she was entitled to have judgment entered on the verdict in any event. \* \* \*." (Emphasis supplied).

The Court in *Schmatt* was using the date on which the jury entered its verdict as the determining date for the timeliness of plaintiff's motion for new trial. Defendant in the case at hand contends because "verdict, report and decision" are joined together in rule 247 that if the date of the jury verdict was the proper determining date as in *Schmatt*, in a case tried before the court the date of its decision is the determining date. There is merit in this contention.

In the court's opinion the word "verdict" does not refer to entry of judgment. It refers to the verdict of a jury. It is equally clear the words in the phrase "verdict, report and decision" are intended to refer to dates of equal importance. The question then becomes on what date does the trial court in a bench trial render a decision equivalent to a jury verdict.

Plaintiff maintains the date of decision in a bench trial is the date when its judgment is entered. He insists no other date may be used because until judgment is entered a party may not appeal.

 It is, of course, true a party may not of right appeal without entry of a final judgment. *Lunday v. Vogelmann*, 213 N.W.2d 904, 906 (Iowa 1974); *Harden v. Illinois Central R. Co.*, 254 Iowa at 429, 118 N.W.2d at 77–78. It is also true a court's findings of fact and conclusions of law are not in themselves an appealable decision. *Wolf v. Murrane*, 199 N.W.2d 90, 95 (Iowa 1972). However, these facts are of no value to plaintiff for two reasons.

 First, a motion for new trial (or for judgment notwithstanding the verdict or a bill of exceptions) or a motion to enlarge or amend is not directly aimed at perfecting an appeal. Such post-trial motions are made to attempt to persuade the trial court to enter its final judgment in accord with the view of the movant or to preserve for appeal certain erroneous rulings. They do not in themselves constitute an appeal.

 Second, the rules dealing with final judgments are not the same as the rules dealing with the motions at issue herein. While appeal from final judgments must be taken within 30 days, rule 335, R.C.P., the post-trial motions involved herein had to be

made within ten days of the trial court's decision. An erroneous final judgment is immediately appealable but an erroneous ruling on post-trial motions is not appealable until entry of final judgment.

Plaintiff argues under rule 52(b), Fed. Rules Civ.Proc., which he maintains is comparable to our rule 179(b), motions to enlarge or amend must be made within ten days of judgment. From this he insists we should find judgment entry the determining date herein. This contention is without merit.

Rule 52(b) provides in pertinent part as follows:

"Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. * * * ."

It is obvious the language of rule 52(b) provides for the making of such motions within ten days after entry of judgment. Our rules do not link the timeliness of such motions to entry of judgment but rather to entry of "verdict, report or decision." Although many of our Rules of Civil Procedure are patterned after the Federal Rules this court did not see fit to adopt rule 52(b) of the Federal Rules.

 The court concludes the timeliness of a motion to enlarge or amend (and for new trial, for judgment notwithstanding the verdict, and for a bill of exceptions) is to be judged by the date the jury renders its verdict, directed or otherwise, or the date the master makes his report or the date the trial court files its findings of fact and conclusions of law.

The trial court was correct in holding plaintiff's motion to enlarge or amend was not timely. The question then becomes whether an untimely and hence defective post-trial motion tolls the running of the 30-day period within which an appeal must be taken.

III. Defendant maintains and plaintiff does not disagree that a defective post-trial motion does not toll the running of the 30-day period after final judgment within which an appeal must be taken under rule 335, R.C.P. We agree.

This court has held that the requirement that notice of appeal be filed within 30 days from entry of the order, judgment or decree is mandatory and jurisdictional and cannot be extended by the filing of an improper motion for new trial. *Union Trust & Sav. Bank v. Stanwood Feed & Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968).

There appears no logical reason why a different rule should be applied when the motion is for enlarged or amended findings and conclusions on an issue of fact tried to the court without a jury, whether by equitable or ordinary proceedings. The court therefore concludes a party's untimely motion to enlarge or amend will not toll the running of the 30-day period within which an appeal must be taken.

Since plaintiff's motion was untimely it did not toll the running of the 30-day period. Plaintiff's appeal was not timely and it is accordingly—Dismissed.