In the Matter of the **GUARDIANSHIP AND CONSERVATORSHIP OF TEETER.**

**Shirley Temple Teeter, Appellant,**

**Thurman Allen Teeter, Appellee.**

No. 94–1253.

Court of Appeals of Iowa.

July 25, 1995.

Steven Gardner of Kiple, Kiple, Denefe, Beaver & Gardner, Ottumwa, for appellant.

Randall C. Stravers of Pothoven, Blomgren & Stravers, Oskaloosa, for appellee.

Heard by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

Appellant Shirley Temple Teeter appeals from a trial court order placing her under an involuntary conservatorship and appointing one of her children as her conservator. Shirley contends the trial court erred in granting the petition for a conservatorship. We agree and reverse the order establishing the conservatorship and appointing the conservator and dismiss the action. Reversed and dismissed.

Iowa Code section 633.566 provides the manner of filing a petition for appointment of a conservator of a person. Iowa Code section 633.570 provides:

If the allegations of the petition as to the status of the proposed ward and the neces-sity for the appointment of a conservator are proved, the court may appoint a conservator.

Iowa Code § 633.570 (1993).

Iowa Code section 633.566 provides, in applicable part:

By reason of mental, physical or other incapacity is unable to make or carry out important decisions concerning the proposed ward's financial affairs.

Iowa Code § 633.566(2)(a).

The burden of persuasion lies with the party filing the conservatorship. *See In re Guardianship of Stark*, 254 Iowa 598, 600, 118 N.W.2d 537, 538 (1962). When a state attaches a badge of infamy to a citizen, due process comes into play. *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515, 519 (1971).

Shirley, fifty-seven years old at the time of the hearing, was injured in an automobile accident in 1990 and, as a result of the accident, she is physically disabled and not able to work. After the accident, her husband divorced her and she received a sum of money from an insurance company as a result of her injuries. The money was used, in part, to purchase the home where Shirley now resides. A car was purchased which is used by a neighbor for Shirley's care. Shirley received a brain injury in the accident and is not allowed to drive. The balance of the money went into an irrevocable trust at Firstar Bank. At the time of the hearing, the balance in the trust was $63,668. The trust also holds title to Shirley's house. The trustee has discretionary power to distribute the income and principal of the trust. Neither Shirley nor her beneficiaries can sell, assign, transfer, or encumber any of the trust assets. Shirley receives $800 a month alimony from her former husband. Currently the alimony is scheduled to terminate in 1998, at which time Shirley will have social security entitlement. Shirley is able to take care of her physical needs.

The petition to have a guardian and conservator appointed for Shirley was filed by her daughter, Sherry Anderson, and her son, Thurman Allen Teeter. Their concern was

Shirley's ability to provide for herself. Sherry and Allen contended Shirley was adversely influenced to help their sister, Tonya, and had used $1000 of her money for Tonya's bail. Sherry and Allen were disturbed by the speed with which Shirley was spending the money held for her in trust. Sherry and Allen were of the opinion Shirley did not have the ability to understand her long-term needs. The testimony at the time of the hearing was Shirley's basic needs were being adequately met although, at some earlier time, Shirley had no food in the house.

Shirley contends Allen and Sherry are acting on rumor. Shirley advances no medical evidence was introduced in support of the petition, and there is no competent medical evidence her mental capacity inhibits her ability to handle her limited financial affairs.

The only evidence supporting a conservatorship came from Allen and Sherry. Allen had not seen his mother since December 1993, but he did not believe she could handle her affairs. The last time Sherry saw her mother, her mother's home was properly furnished and clean. Sherry thought Shirley should leave the principal of the trust alone. Shirley contends Sherry is interested in her own self interests.

Shirley advances her only income is the alimony and the trust assets are independently administered. Shirley said the trust cleared up pre-debts and she has her home and automobile.

■ The question is whether there is substantial evidence to support the trial court finding Shirley needs a conservator. We find there is not. First, there is no evidence to support a finding Shirley is incompetent. The fact Shirley may spend money foolishly or give money to a child is not in itself sufficient to find she is not competent.

■ The State may take actions that limit an individual's right to make decisions about his or her own person or property if he or she has a mental disability. *In re Guardianship of Hedin*, 528 N.W.2d 567, 571–72 (Iowa 1995). The limitations may be broad and deprive an individual from making any binding legal decisions or the limitations may be

more narrow or specifically limited to one matter. *See id.* at 572.

■ The liberty interests as well as the stigma in being defined as an incapacitated person require before there be a determination of whether an adult can make responsible decisions with regard to his or her safety or property, there must first be a finding his or her decision-making process is so impaired he or she is not able to care for his or her own personal safety and is not able to provide necessities of life. *Hedin*, 528 N.W.2d at 576–77. There is no showing Shirley is so impaired. Additionally, Shirley transferred her major assets in the form of a bank account and her house to an irrevocable trust. Firstar Bank, as trustee, holds and manages these assets and has discretionary powers to distribute income and principal.

The proponents have not made the necessary showing either that Shirley is incapacitated or incompetent to manage the alimony she receives. We reverse and dismiss.

**REVERSED AND DISMISSED.**

HAYDEN, J., takes no part.