**IN THE COURT OF APPEALS OF IOWA**

No. 16-2192
Filed October 11, 2017

**IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF DENISE LOUISE EVANS, Ward.**

**DENISE LOUISE EVANS,**
　　　　Ward-Appellant.

_____

　　　　Appeal from the Iowa District Court for Polk County, Craig E. Block, Associate Probate Judge.


　　　　Ward appeals from an order appointing a guardian and conservator pursuant to Iowa Code chapter 633 (2016). **AFFIRMED.**


　　　　Amanda L. Green of Nading Law Firm, Ankeny, for appellant.

　　　　Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.


　　　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Denise Evans appeals from an order appointing a temporary guardian and conservator pursuant to Iowa Code chapter 633 (2016). Evans makes three arguments on appeal. She argues an initial emergency order authorizing services issued pursuant to Iowa Code chapter 235B was inappropriate. She contends there was insufficient evidence to establish the need for a guardianship and conservatorship. She argues the district court erred in not giving appropriate consideration to establishing only a limited guardianship and conservatorship.

I.

Iowa Code 235B.19 allows the Iowa Department of Human Services (IDHS) to seek an emergency order authorizing protective services for a dependent adult. In July 2016, IDHS petitioned for such an order for the protection of Evans. At the time of the petition, Evans was 56 years old and had been diagnosed with multiple sclerosis. The petition alleged Evans had "poor insight" regarding how her diagnosis of multiple sclerosis affected her wellbeing. For example, Evans continued to attempt to walk despite her inability to do so, frequently fell, and caused herself injury. The petition alleged Evans "allow[ed] homeless people to live with her" and gave them access to her debit card. The petition alleged Evans did not keep track of her money and was unable to pay rent as a result. The petition further alleged Evans had gone to the hospital on July 13 to treat a stroke and would put herself at risk of harm by going home. IDHS requested the district court to order Evans to remain hospitalized until her treating medical providers discharged her, order her to be placed as determined

by the department following her discharge, and order all medical decisions to be made by her treating medical providers.

The district court granted the petition for emergency relief. In addition to the requested relief, the order allowed IDHS to

> examine all medical and all financial records, including but not limited to banking and investment records, of the dependent adult (including medical records involving HIV status, substance abuse and mental health treatment) and to exchange information with treating medical professionals, staff at the placement where the dependent adult [was] residing, staff at any facilities where the dependent adult may be placed, family members of the dependent adult, and any potential guardians and/or conservators for the dependent adult.

The order also allowed the department of human services "to enter the dependent adult's home to obtain any personal property needed by the dependent adult and/or secure the home" and "obtain and release information regarding the dependent adult . . . to the Social Security Administration for the purpose of obtaining funding for the dependent adult."

The district court's order, by its terms, was to expire in seventy-two hours. *See* Iowa Code § 235B.19(6). From that point until October 2016, the district court issued a series of emergency orders requiring Evans to remain in a care facility under the supervision of IDHS.

In October 2016, IDHS filed a petition for involuntary appointment of guardian and conservator pursuant to Iowa Code chapter 633. Evans resisted the petition. Following an evidentiary hearing, the district court issued an order naming Debra Williams, Evans's sister, her temporary guardian and conservator. Evans timely filed this appeal.

4

II.

Before turning to the merits of this appeal, we first address a jurisdictional issue. A party may appeal as a matter of right "[a]ll final orders and judgments of the district court." Iowa R. App. P. 6.103(1). A party may seek interlocutory review of non-final orders, and interlocutory review may be granted if "such ruling or order involves substantial rights and will materially affect the final decision and that a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R. App. P. 6.104(2). In the event the party seeks the wrong form of review, this court may treat "the papers upon which the action was initiated as seeking the proper form of review." Iowa R. App. P. 6.108.

The State contends this court lacks jurisdiction over this appeal because the order appointing a temporary guardian and conservator is not a final order, because Evans did not seek interlocutory review, and because interlocutory review would be improper. "In order to determine the question of the finality of the order, we must examine its scope and intent and the motion itself." *Swets Motor Sales, Inc. v. Pruisner*, 236 N.W.2d 299, 302 (Iowa 1975).

When we examine the petition and the order, we conclude the order at issue was a final order. The order was an "order of appointment of temporary guardian and conservator." While it is true the order set a future hearing to appoint a permanent guardian and conservator, we do not think that dispositive of the issue. The order at issue determined with finality the need for a guardian and conservator. The future hearing was merely to determine with finality the identity of the person serving as the guardian and conservator. This understanding was confirmed with counsel at the hearing on the guardianship.

There is a difference between a temporary order appointing a guardian and conservator and an order appointing a temporary guardian and conservator. Our case is the latter case. *See Crowe v. De Soto Consol. Sch. Dist.*, 66 N.W.2d 859, 860 (Iowa 1954) ("A final judgment or decision is one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions."). Because the order at issue is a final order appealable as a matter of right, we have jurisdiction over the appeal.

## III.

An action for the involuntary appointment of a guardian or conservator is at law. Iowa Code § 633.33. Our review is therefore for correction of errors at law. *See In re Guardianship of M.D.*, 797 N.W.2d 121, 126–27 (Iowa Ct. App. 2011) (discussing conflicting precedent); *In re Guardianship of C.R.*, No. 14-1039, 2015 WL 576385, at *1 (Iowa Ct. App. Feb. 11, 2015) (stating "that the appropriate standard of review for cases involving the establishment of a guardianship is for errors at law, not de novo"). We will affirm the judgment of the district court if supported by substantial evidence. *See In re Guardianship & Conservatorship of Wemark*, 525 N.W.2d 7, 9 (Iowa Ct. App. 1994).

## A.

Evans contends the emergency order issued pursuant to Iowa Code section 235B.19 was improperly granted. She further argues the subsequent emergency orders were improperly granted. The State argues the challenge is untimely. We agree. Notice of appeal must be filed within thirty days of the final order or judgment. *See* Iowa R. App. P. 6.101. Timely notice of appeal is

jurisdictional. *See Milks v. Iowa Oto-Head & Neck Specialists, P.C.*, 519 N.W.2d 801, 803 (Iowa 1994). Here, the emergency order was issued in July 2016. Notice of appeal was filed in December 2016. The petition to appoint a temporary conservator and guardian was and a separate action filed pursuant to Iowa Code sections 633.551 and 633.566. The challenge to the emergency order issued pursuant to section 235.B.19 is untimely.

Even if this court had jurisdiction to review the emergency orders, we conclude Evans is not entitled to any relief on this claim. On December 1, 2016, the district court issued an order cancelling the emergency protective orders. Because Evans is no longer subject to the challenged 235B orders, the issue is moot. *See In re M.T.*, 625 N.W.2d at 702, 705 (Iowa 2001) (holding appeal moot where no judgment will have no practical legal effect upon the existing controversy). We decline to exercise our discretion to review the issue. *See id.* (providing the court had the discretion to address moot issue under certain circumstances).

B.

Evans challenges the sufficiency of the evidence supporting the need for a guardianship and conservatorship. We will affirm the order of the district court if supported by substantial evidence. *See Guardianship of Wemark*, 525 N.W.2d at 9.

The proposed ward in a guardianship proceeding is presumed to be mentally sound. *See Neidermyer v. Neidermyer*, 22 N.W.2d 346, 350 (Iowa 1946). The person seeking to establish a guardianship must show impairment of a proposed ward's decision-making capacity by clear and convincing evidence.

See Iowa Code §§ 633.551, .552, .556. To meet this burden, the proponent of the guardianship and conservatorship must show:

> In the case of a conservatorship the impairment must be such that the proposed ward "is unable to make, communicate, or carry out important decisions concerning the person's financial affairs." In the case of a guardianship the impairment must be such that the proposed ward is unable to care for his "personal safety or to attend to or provide for necessities for the person such as food, shelter, clothing, or medical care, without which physical injury or illness might occur."

*In re Guardianship & Conservatorship of Hunter*, No. 02-1225, 2003 WL 22805330, at *1 (Iowa Ct. App. Nov. 26, 2003). Mere memory loss is not enough to establish impaired decision-making capacity. *See Richardson v. Richardson*, 250 N.W. 897, 898–99 (Iowa 1933). Unwise spending is not enough to establish the need for a conservatorship. *See In re Guardianship & Conservatorship of Teeter*, 537 N.W.2d 808, 810 (Iowa Ct. App. 1995).

There is substantial evidence Evans is unable to make and carry out important decisions regarding her financial affairs. The evidence showed more than Evans spent money unwisely; it showed an inability to understand her financial affairs. Evans's IDHS worker testified Evans was known to give her debit card to other people and was often missing funds as a result. At the guardianship hearing it was clear Evans was unsure about her financial obligations including the bills she was required to pay and how to pay them. She was unable to keep an active cellular phone due to difficulties knowing what she owed on the account and paying the same. Evans's apartment manager had to work with her and her care professionals to avoid issuing an eviction notice due

to nonpayment of rent. Evans lacks the decision-making capacity to make important financial decisions.

The record also showed Evans is unable to care for her safety and provide for the necessities of life. She repeatedly disobeyed medical advice by attempting to walk and then falling and causing herself injury. Besides injuries from the falls themselves, she has received second-degree burns from carrying hot coffee and falling. Evans testified at the hearing that she would continue to act against medical advice and ignore the decisions of her doctors in regards to her multiple sclerosis. A report from her primary care physician and testimony from her IDHS worker further explained Evans is unable to care for her ulcers, forgets to take her medication, is unable to walk unassisted, and had to call 911 due to falls at least sixteen times during a six-month-period in 2016. Testimony established she receives twenty-four-hour care at a care facility and that this was meeting her medical needs. Evans offered no expert witness in support of her view that she does not require twenty-four-hour assistance.

In light of these facts and given our deferential standard of review we conclude the district court did not err in appointing a guardian and conservator for Evans.

## C.

Evans argues the district court did not consider whether a limited guardianship or conservatorship was appropriate in her case. Pursuant to chapter 633, the district court must consider the appropriateness of a limited guardianship or conservatorship. *See* Iowa Code § 633.551(3). Again, our

review is for substantial evidence.  *See Guardianship of Wemark*, 525 N.W.2d at 9.

The district court made the following finding, "This court has considered the appropriateness of a limited Guardianship and Conservatorship and the effect of third-party assistance for the proposed Ward and determined that neither will sufficiently address her needs."  There is substantial evidence to support this conclusion.  This case centers on whether or not Evans should be required to live in a care facility as advised by her doctors.  Testimony established Evans requires extensive care and cannot walk or transfer to her wheelchair unassisted.  Evans herself testified she would not heed medical advice she did not agree with and stated she would continue to try to walk.  A limited guardianship would not address these concerns.  Substantial evidence also supports a full conservatorship.  Testimony shows Evans has difficulty managing her finances, frequently loses her debit card, gives her debit card to random people, and is unaware of many of her financial obligations.

The district court concluded a limited guardianship and conservatorship was inappropriate in this case.  There is substantial evidence to support this conclusion.

III.

In light of the above considerations, we affirm the district court's order appointing a temporary guardian and conservator.

**AFFIRMED.**